**Lonnie DICKERSON, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 1184S440.

Supreme Court of Indiana.

Feb. 4, 1986.

Daniel L. Weber, Larry J. Wagner, Public Defenders Office, Terre Haute, for appellant.

Linley E. Pearson, Atty. Gen., Lee Cloyd, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Lonnie Dickerson was convicted of burglary, a class B felony; burglary, a class A felony; and attempted murder, a class A felony. The convictions were the result of the consolidated trial of two causes before a jury in the Vigo Superior Court, Division I. The trial court sentenced Appellant to ten (10) years plus a ten (10) year enhancement for the class B burglary, thirty (30) years plus a ten (10) year enhancement for the attempted murder, and thirty (30) years plus a ten year enhancement for the class A burglary. All sentences were to be served consecutively, for a total sentence of one hundred (100) years.

Appellant's direct appeal raises the following issues:

1. whether the convictions were based on sufficient evidence; and 2. whether certain evidence was properly admitted.

Appellant admits that on the evening of December 5, 1983, he was inside the two homes which were burglarized. He also admits committing the class B burglary. However, he denies causing any harm to Clarissa May Kohberger, which harm resulted in the attempted murder charge and aggravating the second burglary to a class A felony.

I

Appellant's first allegation of error is that his conviction was based on insufficient evidence. Appellant merely raises this issue at the start of his brief but presents no argument whatsoever. Thus, the issue is waived. *Murray v. State* (1985), Ind. 479 N.E.2d 1283, 1286, *reh. denied* (1985); *Wagner v. State* (1985), Ind., 474 N.E.2d 476, 486. However, in view of the seriousness of these crimes we

feel compelled to note that the record clearly shows: Dickerson admitted he burglarized two houses, but denied the beating and attempted murder of Clarissa Mae Kohberger. He claims someone else had already broken into her house and that she was lying on her bed moaning when he entered. The evidence most favorable to the State, however, supports the judgment of conviction. The jury was entitled to disbelieve that someone burglarized and beat Ms. Kohberger prior to Dickerson's entry into her house. The signs of forced entry were a slashed screen and a window which had been pried open. Both a tire tool and a knife were shown to have been in Dickerson's possession. Also, when Dickerson entered the house, Ms. Kohberger's purse still contained $600.00 which he stole. Most significantly, a witness testified that the day after the crimes Dickerson gave her some of the stolen property and at that time he had blood on his clothes (a fact corroborated by a police officer) and that his hands were scuffed. He told the witness he had been in a fight. Ms. Kohberger, 86 years old, had been brutally and repeatedly beaten in the face with her assailant's fists and was then left helpless and alone. One of her eyes had to be removed, and at the time of the trial, she had not regained her ability to move or communicate. The jury was entitled to believe beyond a reasonable doubt that Dickerson was the assailant and certainly could properly have concluded that he took a substantial step towards the crime of murder.

## II

Appellant next alleges certain evidence was improperly admitted at trial. He first contends State Exhibit No. 33, a knife, was improperly admitted because it was never connected with him and was not admitted by way of a sufficient chain of custody. Furthermore, Appellant seems to be questioning the relevancy of the knife since the victim was not stabbed. Any issue concerning relevancy is waived however, because at trial Appellant objected solely on the basis of an insufficient chain

of custody. *Bowens v. State* (1985), Ind., 481 N.E.2d 1289, 1291. Regardless, the knife was relevant since it connected the two burglaries with which Appellant was charged, and also showed how entry was gained to Kohberger's home.

As far as arguing the sufficiency of the chain of custody, Appellant merely raises the issue without giving any supporting argument or citation. Thus, this issue is also waived. *Reed v. State* (1985), Ind., 479 N.E.2d 1248, 1253, *reh. denied* (1985); Ind.R.App.P. 8.3(A)(7). It is well established that proving a chain of custody is done to show a complete chain of possession from the original receiver to the final custodian; nonfungible items, by their nature, do not require the high degree of scrutiny applied to fungible items, and may be admitted based on testimony that the item is the one in question and is in a substantially unchanged position. *Dudley v. State* (1985), Ind., 480 N.E.2d 881, 898. Police Officer Gregory Allen Tyler testified he collected the knife as evidence at the scene of the burglary and attempted murder, retained custody of the knife until it was taken to the police technician's room, and that it subsequently was sent to the Indiana State Police Laboratory. He further identified that part of the wooden handle was missing. The court ruled the knife admissible based on the unique character of the missing handle. We find, based on this evidence, that a proper chain of custody was established. Thus the knife was properly admitted.

Appellant next questions the admission of State's Exhibits Nos. 22, 40, 42, and 44. These were photographs of a closeup of the victim's bed, the left side of the victim's head, the right side of her head, and the back of her head respectively. Appellant maintains these photographs were cumulative, and served only to inflame the jury's emotions. An inspection of the photographs at issue reveals each to be a different angle of either the victim's head or body. Not only did each reflect a different angle, but each was relevant to the

State's case in chief. The photographs at issue were properly admitted.

The trial court is in all things affirmed.

GIVAN, C.J., and DeBRULER, SHEPARD and DICKSON, JJ., concur.