**Arthur BUTLER, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 485S160.**

Supreme Court of Indiana.

Dec. 2, 1986.

Robert R. Garrett, Appellate Public Defender, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

A jury trial resulted in a finding of guilty of Robbery, a Class A felony. Appellant was sentenced to a term of thirty (30) years.

The facts are: On the afternoon of March 12, 1984, David Clodfelter withdrew $100 from his savings account in the Gainer Bank in Gary, Indiana. As Clodfelter was walking home from the bank, appellant and Robert Earl Nicholson came from behind and pulled him into a nearby alley. The two men struck Clodfelter in the face until he stumbled to the ground. Clodfelter's pockets were searched and a bank book removed. He was then led to the next street where his left cheek was slashed with a knife and his wallet, containing $106, was removed. Both men fled from the scene.

The attack was witnessed by Roxanne Bennett who testified that she observed two black men wearing black leather jackets attack Clodfelter. She immediately telephoned the police and gave a description of the perpetrators.

That afternoon, Officer Kenneth Wilson of the Gary Police Department and his partner, Officer Larry Jones, arrested appellant. Wilson testified that appellant was wandering near the scene of the crime dressed in a black leather jacket and his hands were covered with moist blood.

Both Clodfelter and Bennett viewed a lineup at the Gary Police Station that evening and positively identified appellant as the perpetrator.

Appellant contends the trial court erred by denying him a new trial or a post-conviction lineup on the basis of newly discovered evidence. The newly discovered evidence concerned the admission by Jerry Butler, appellant's counsin, to Charles Butler, appellant's brother, that he committed the robbery. The record shows this information was available to appellant prior to trial. Any allegation of newly discovered evidence presented on a motion for a new trial will be closely scrutinized. *Underhill v. Deen* (1982), Ind.App., 442 N.E.2d 1136. In order to gain a new trial based upon newly discovered evidence, a defendant must show:

"(1) [T]hat the evidence has been discovered since the trial; (2) that it is material and relevant; (3) that it is not cumulative; (4) that it is not merely impeaching; (5) that it is not privileged or incompetent; (6) that due diligence was used to

discover it in time for trial; (7) that the evidence is worthy of credit; (8) that it can be produced on a retrial of the case; and (9) that it will probably produce a different result." (Citation omitted.) *Wiles v. State* (1982), Ind., 437 N.E.2d 35, 39.

■ The trial court properly denied appellant's request for a new trial and a post-conviction lineup. Evidence that Jerry Butler may have committed the robbery on March 12, 1984, was known to appellant prior to trial of this cause. Appellant's counsel maintains that he attempted to locate Jerry Butler prior to trial, but was precluded from doing so because he had been incarcerated under a different name. However, no attempt was made to have Charles Butler testify as a witness on appellant's behalf nor were pictures of Jerry Butler presented as evidence.

The evidence presented by appellant is clearly not sufficient to raise a strong presumption that, in all probability, it would produce a different result upon retrial. *Augustine v. State* (1984), Ind., 461 N.E.2d 101.

■ Appellant next contends that his conviction was based upon insufficient evidence. Appellant merely raises this issue at the start of his brief without presenting any supporting argument or citation. Thus the issue is waived. Ind.R.App.P. 8.3(A)(7); *Dickerson v. State* (1986), Ind., 488 N.E.2d 346.

■ In light of our policy to dispose of issues on their merits when possible, we note that the evidence most favorable to the State clearly supports the judgment of conviction.

Upon a review for sufficient evidence, this Court will not weigh conflicting evidence nor judge the credibility of witnesses. *Loyd v. State* (1980), 272 Ind. 404, 398 N.E.2d 1260.

We find the evidence of identification is sufficient to support the jury's verdict.

The trial court is in all things affirmed.

All Justices concur.