James KIMBLEY *v.* STATE of Arkansas

CR 93-1157                                869 S.W.2d 692

Supreme Court of Arkansas
Opinion delivered January 31, 1994

*William R. Simpson, Jr.*, Public Defender, by: *C. Joseph Cordi, Jr.*, Deputy Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. James Kimbley, the appellant, was charged with attempted rape and robbery of, and theft of property from, Brenda George Reed. By the same information he was charged with attempted sexual abuse in the first degree of Kimberly Lutz. He was convicted of the offenses against Ms. Reed, acquitted of the one against Ms. Lutz, and sentenced to fifty-five years imprisonment. He argues the Trial Court abused its discretion by refusing to grant his motion to sever the three charges for which he was convicted from the attempted sexual abuse charge. We find no error and affirm.

Ms. Lutz testified that on May 20, 1992, around 11:25 a.m. she was sitting on a park bench when Mr. Kimbley sat down beside her and they engaged in a conversation. As she got up to leave, Mr. Kimbley grabbed her. She struggled and got away. She informed U.S. Secret Service agents with whom she was acquainted what had happened. An agent took her to a police station to file a report.

Ms. Reed testified that on that same day she was attacked by Mr. Kimbley at around 11:50 a.m. as she entered her car at a parking lot several blocks away from the park where Ms. Lutz testified she had been accosted. Ms. Reed said Mr. Kimbley grabbed her, pushed her into her car, got on top of her, tore the crotch out of her panty hose, and tried to unzip his pants. She struggled with Mr. Kimbley and escaped from her car which Mr. Kimbley drove away.

After Ms. Lutz reported the incident to the police, she and three Secret Service agents drove around looking for her assailant. They saw Mr. Kimbley in a maroon Honda car, and Ms. Lutz told the agents he was the one who had assaulted her. Mr. Kimbley drove away as the agents approached. After a chase, during which Ms. Lutz and the agents heard radio reports of a maroon Honda car having been stolen from Ms. Reed, Mr. Kimbley was stopped in the car later identified as belonging to Ms. Reed.

Mr. Kimbley made appropriately timed motions to sever the charge of attempted sexual abuse of Ms. Lutz from the charges of offenses committed against Ms. Reed. His argument on appeal is that the Trial Court abused his discretion by refusing to sever in accordance with Ark. R. Crim. P. 22.2(b) which, in part, provides:

(b) The court, on application . . . of the defendant . . . shall grant a severance of offenses:

(i) if before trial, it is deemed appropriate to promote a fair determination of the defendant's guilt or innocence of each offense; or

(ii) if during trial, upon consent of the defendant, it is deemed necessary to achieve a fair determination of the defendant's guilt or innocence of each offense.

In *Brown* v. *State*, 304 Ark. 98, 800 S.W.2d 424 (1990), we were presented with a similar question. Mr. Brown was charged and convicted of two robberies. Both robberies were of convenience stores located in the same city, and they occurred about thirty minutes apart. Mr. Brown contended the Trial Court erred in denying his motion to sever the two robbery charges. We held that the proximity in time and place provided an ample basis for denial of severance under our previous cases interpreting Rule 22.2(b) because it was evidence of a single scheme or plan. We also noted that some of the State's proof was pertinent to both robberies, *i.e.*, "the officer who stopped appellant after the second robbery was reacting in part to a radio broadcast alerting the police to watch for the perpetrators of the first robbery." Thus, in order for the police officer to explain why appellant was stopped, it was necessary to prove the earlier robbery.

In *Henry* v. *State*, 278 Ark. 478, 647 S.W.2d 419, cert. denied, 464 U.S. 835 (1983), the defendant argued, pursuant to Rule 22.2(b), that the Trial Court abused its discretion in denying his motion to sever the offenses of hindering apprehension and accomplice to capital murder. We held that severance was not necessary to promote a fair determination of the defendant's guilt or innocence. The facts necessary to prove the offenses would almost all be required in each trial if a severance were granted. Such evidence would be used in order to establish a plan, scheme, motive, or state of mind. In *Gillie* v. *State*, 305 Ark. 296, 808 S.W.2d 320 (1991), we upheld the Trial Court's decision to deny the defendant's motion for severance of a capital felony murder charge from an aggravated robbery charge because the two offenses were factually intertwined.

There was no abuse of discretion here. The acts

alleged with respect to each victim occurred within a few blocks of each other about thirty minutes apart. The proximity in time and place provided an ample basis for denial of severance under our case law interpreting Rule 22.2. Evidence of the manner in which Mr. Kimbley was identified and caught in Ms. Reed's car as the result of Ms. Lutz's encounter with him would be admissible and probably necessary in both trials if the charges had been severed.

Affirmed.