Thomas Roy PASSLEY, Jr., a/k/a Douglas Lee Bolkema *v.*
STATE of Arkansas

CR 95-903                                          915 S.W.2d 248

Supreme Court of Arkansas
Opinion delivered February 5, 1996

*Kent McLemore*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kent G. Holt*, Asst. Att'y Gen., for appellee.

ANDREE LAYTON ROAF, Justice. Appellant Thomas Roy Passley, Jr., was convicted of eleven counts of residential burglary and nine counts of theft of property for crimes committed over a two day period. He was sentenced as an habitual offender to eighty years imprisonment. On appeal, Passley asserts that the trial court (1) abused its discretion in failing to sever the March 15, 1994, burglaries from the March 16, 1994, burglaries, (2) abused its discretion by allowing the introduction of a tape of a "911" call in violation of A.R.E. Rule 403, and (3) erred in failing to grant Passley's motions for directed verdict. We affirm.

Ms. Peggy Swingel testified that at approximately 1:50 p.m. on March 16, 1994, someone began ringing her doorbell, but she did not answer the door. Subsequently, someone began kicking the back door. She entered her living room in order to reach a cordless telephone, and she could see that someone was in her kitchen. She called "911," and the intruders left her home. She reported that two men just left her home in a gray or blue-gray car, possibly a Thunderbird. Jovey Marshall of the Washington County Sheriff's Office testified that he received the "911" call at approximately 1:50 p.m. and a Thunderbird was stopped at approximately 1:54 p.m.

Morton Marshall, Farmington Chief of Police, was dis-

patched in response to the call and he encountered a blue Thunderbird. Chief Marshall pursued the vehicle and observed that there were two women and two men in the vehicle. After the vehicle stopped, the two men escaped. Co-defendants Michelle Vincent and Tammy Johnson a/k/a Lisa Faye Bradish were apprehended in the Thunderbird. The two men, the appellant and Warren (Morn) Franklin Passley III, were captured approximately ten minutes later.

The appellant a/k/a Douglas Lee Bolkema and the three co-defendants were charged by felony information with thirteen counts of burglary and twelve counts of theft of property. The crimes were allegedly committed on February 7, 1994, March 4, 1994, March 15, 1994, and March 16, 1994. The information alleged that the defendants entered homes on February 7 and March 4 and took property valued in excess of $2,500.00. The information provided that on March 15 the defendants burglarized six homes and on March 16 the defendants burglarized four homes. Further, the information alleged that the defendants took property valued in excess of $2,500.00 from five of the homes; property valued in excess of $200.00 from three of the homes; and property valued at less than $200.00 from two of the homes. Finally, the information charged the defendants with burglary for entering the home of Peggy Swingel on March 16.

The Thunderbird in which the defendants were riding was owned by Tammy Johnson, the appellant's wife. A number of items from the burglaries committed on March 15 and March 16 were found either in pillow cases in the trunk of the car or in the possession of the defendants. A ring, watch, and knife were found on the appellant when he was apprehended. The ring was identified as one taken in a March 16th burglary, and the knife and watch were identified as taken in a March 15th burglary. Property taken on those dates from seven other homes was also recovered from either the Thunderbird or the co-defendants.

Mrs. Marjie Million testified that Tammy Johnson is her niece. Mrs. Million further testified that Tammy Johnson, Thomas Roy Passley, Jr., Warren Franklin Passley III, and Michelle Vincent stayed in her home on March 15 and March 16, 1994. A Ford Mustang owned by Warren Passley was recovered from the Million residence. Property belonging to victims of

both the March 15 and March 16 burglaries was recovered from either the Mustang or the Million's residence.

Ms. Swingel identified Tammy Johnson's Thunderbird as the vehicle that she observed the day her home was burglarized. She further testified that she could identify Warren Passley as one of the intruders, but she did not get a good look at the second person. Deputy Sheriff Charles Rexford testified that the tread patterns on the appellant's shoes were similar to the print observed on the door of Ms. Swingel's residence.

The jury found the appellant not guilty of the crimes allegedly committed on February 7 and March 4. Further, the trial court refused to instruct the jury regarding the theft of property charge arising out of the burglary of Kirk Cunningham's residence. The jury, however, found the appellant guilty on the twenty remaining charges.

## 1. Sufficiency of the evidence

A motion for a directed verdict is a challenge to the sufficiency of the evidence. *Williams* v. *State*, 321 Ark. 635, 906 S.W.2d 677 (1995). Preservation of an appellant's right to freedom from double jeopardy requires a review of the sufficiency of the evidence prior to a review of trial errors. *Davis* v. *State*, 319 Ark. 460, 892 S.W.2d 472 (1995). Consequently, we address appellant's challenge to the sufficiency of the evidence prior to considering his other assignments of trial error. *Byrum* v. *State*, 318 Ark. 87, 884 S.W.2d 248 (1994).

On appeal, the appellant contends the "record is void of evidence physically placing him in any of the homes" and there is no evidence that he "knowingly possessed any of the victims' property with the intent to deprive them thereof." When reviewing the sufficiency of the evidence on appeal, we do not weigh the evidence but simply determine whether the evidence in support of the verdict is substantial. *Williams* v. *State, supra.* Substantial evidence is that which is forceful enough to compel a conclusion one way or the other and pass beyond mere suspicion and conjecture. *Drummond* v. *State*, 320 Ark. 385, 897 S.W.2d 553 (1995). In determining whether there is substantial evidence, we review the evidence in the light most favorable to the appellee, and it is permissible to consider only that evidence

which supports the guilty verdict. *Williams, supra*. Further, circumstantial evidence may constitute substantial evidence when every other reasonable hypothesis consistent with innocence is excluded. *Nooner v. State*, 322 Ark. 87, 907 S.W.2d 677 (1995). Whether a reasonable hypothesis exists is for the trier of fact to resolve. *Id.*

■ The jury was given, without objection, an accomplice liability instruction. *See* AMCI 2d 401. Arkansas Code Annotated § 5-2-403(a) (Repl. 1993) provides that a person is an accomplice of another person in the commission of an offense if, with the requisite intent, he aids, agrees to aid, or attempts to aid the other person in commission of the offense. *Purifoy v. State*, 307 Ark. 482, 822 S.W.2d 374 (1991). Under the accomplice liability statute, a defendant may properly be found guilty not only of his own conduct, but also by that conduct of his accomplice; when two or more persons assist one another in the commission of a crime, each is an accomplice and criminally liable for the conduct of both. *Id.* Finally, there is no distinction between principals on the one hand and accomplices on the other, insofar as criminal liability is concerned. *Id.*

■ Granted, we have stated that stolen goods recovered from a dwelling shared by an accomplice is not sufficient corroboration standing alone. *Daniels v. State*, 308 Ark. 53, 821 S.W.2d 778 (1992). However, possession of stolen property by the accused is a proper circumstance to consider in determining whether there was evidence tending to connect him with the crimes of burglary and grand larceny. *Id.* Further, the presence of an accused in the proximity of a crime, opportunity, and association with a person involved in the crime in a manner suggestive of joint participation are relevant facts in determining the connection of an accomplice with the crime. *Thomas v. State*, 312 Ark. 158, 847 S.W.2d 695 (1993); *see also Redman v. State*, 265 Ark. 774, 580 S.W.2d 945 (1979). Finally, we have held that a person's flight to avoid arrest may be considered as corroboration of evidence tending to establish his guilt. *Ricks v. State*, 316 Ark. 601, 873 S.W.2d 808 (1994); *Killcrease v. State*, 310 Ark. 392, 836 S.W.2d 380 (1992).

■ The proof at trial was amply sufficient to establish the joint nature of appellant's activities with the co-defendants. The

appellant was apprehended with the three co-defendants, one of whom was his wife who admitted her involvement in the crimes. The appellant was apprehended a short time after the "911" call by Ms. Swingel, and Ms. Swingel identified the vehicle in which the appellant was riding. There was testimony that the tread patterns on the appellant's shoes were similar to the print observed on the door of Ms. Swingel's residence. The appellant was staying in the same home as the co-defendants. At the time of his arrest, the appellant was in possession of stolen property. Further, property taken in all the burglaries, with the exception of the burglary of the Swingel home, was recovered either on the appellant, in the Thunderbird, in the Mustang, or at the Million's residence. Finally, the appellant attempted to flee when he was confronted by the police. In short, the State was not required to prove that the appellant physically entered the home of each victim with the intent to deprive them of their property.

## 2. Severance of offenses

Prior to trial, the appellant moved to sever the burglary offenses on the basis that they were joined solely because they were of similar character, but they were not part of a single scheme or plan. In denying the appellant's motion, the trial court concluded the burglaries were part of a single scheme or plan. At trial, the appellant renewed his motion for severance prior to the introduction of any testimony and again at the conclusion of the State's evidence. On appeal, the appellant contends that the trial court abused its discretion in failing to sever the March 15, 1994, burglaries from the March 16, 1994, burglaries in violation of Ark. R. Crim. P. 22.2.

■ Granting or refusing a severance is a matter within the discretion of the trial court. *Richardson* v. *State*, 314 Ark. 512, 863 S.W.2d 572 (1993). Rule 22.2 of the Rules of Criminal Procedure provides in part:

(a) Whenever two (2) or more offenses have been joined for trial solely on the ground that they are of the same or similar character *and they are not part of a single scheme or plan*, the defendant shall have a right to a severance of the offenses.

(b) The court, on application of the . . . defendant other than under subsection (a), *shall* grant a severance of offenses:

   (i) if before trial, it is deemed appropriate to promote a fair determination of the defendant's guilt or innocence of each offense; or

   (ii) if during trial, upon consent of the defendant, it is deemed necessary to achieve a fair determination of the defendant's guilt or innocence of each offense.

(Emphasis supplied.) Thus, a defendant has an absolute right to a severance of offenses joined solely on the ground that they are of same or similar character. *Clay* v. *State*, 318 Ark. 550, 886 S.W.2d 608 (1994). However, in the instant case, the trial court concluded the burglaries were a part of a common scheme or plan.

The appellant contends that there is no evidence that the March 15 and March 16 burglaries were a part of a single plan or scheme. The appellant cites the cases of *Bunn* v. *State*, 320 Ark. 516, 898 S.W.2d 450 (1995), *Clay* v. *State, supra*, and *Teas* v. *State*, 266 Ark. 572, 587 S.W.2d 28 (1979), where this Court held there was no evidence of a single scheme or plan. In *Clay*, we noted that a single scheme or plan is discussed in the 1987 Unofficial Supplementary Commentary to Rule 21.1 which provides:

   One who burglarizes an office on January 1 and a home on February 1 may be charged in the same information with both offenses, since they are "of similar character." He would be entitled to a severance under Rule 22.2(a), however, unless the offenses were part of a single scheme or plan or criminal episode. Even though roughly the same type of conduct might be argued to be involved in both burglaries, justifying joinder under Rule 21.1(b), the term "same conduct" in Rule 21.1(b) was probably intended to be read literally to refer to contemporaneous events and to permit joinder in a situation where, for example, a defendant robs three persons simultaneously.

The appellant contends that the burglaries committed on March 15 and March 16 were not contemporaneous events and there is

no evidence that the burglaries committed on March 16 were planned as part of the burglaries committed on March 15.

We hold there is a sufficient basis for the trial court's denial of the motion for severance. In *Brown* v. *State*, 304 Ark. 98, 800 S.W.2d 424 (1990), the appellant was charged with the burglary of two convenience stores located in Fort Smith. The first burglary occurred at approximately 11:20 p.m. and the second thirty minutes later. This Court concluded the proximity in time and place provided an ample base for denial of severance. In *Kimberly* v. *State*, 315 Ark. 653, 869 S.W.2d 692 (1994), the appellant was charged with attempted rape, robbery, and theft arising out of an incident with Brenda George Reed. In the same information, he was charged with attempted sexual abuse of Kimberly Lutz. The testimony revealed that at approximately 11:25 a.m. Ms. Lutz was sitting in a park when the appellant attacked her. Ms. Reed testified that, on that same day, she was attacked several blocks from the park at approximately 11:50 a.m. Once again, we concluded the proximity in time and place provided an ample basis for denial of severance.

In the instant case, six burglaries occurred during the day on March 15 and five burglaries occurred prior to 2:00 p.m. on March 16. The burglaries occurred in the same locale and during the day, they were all residential burglaries, and in each case a door was forced open. The appellant's wife provided evidence of a scheme or plan; she testified at trial that the burglaries were committed to raise money so that "we can go to Florida and pick up my kids." Thus, the proximity in time and place and evidence of a single scheme or plan provided an ample basis for the denial of severance. *See Kimberly* v. *State*, 315 Ark. 653, 869 S.W.2d 692 (1994).

### 3. Admission of "911" tape

The appellant filed a motion in limine seeking to suppress the tape of Ms. Swingel's "911" call. The appellant asserted that the tape was not accurate because when making the call Ms. Swingel stated there were two men entering her home, but since making the call, she has stated she only assumed it was two men. Consequently, the appellant contended the prejudicial nature of the tape outweighed any possible probative value.

At a suppression hearing, the appellant argued the tape was not an accurate portrayal of the facts because Ms. Swingel was not certain if the second intruder was a man. The appellant further argued the prejudicial effect of the tape far outweighed the probative value because Ms. Swingel "obviously sounds frightened and it's scary to listen to it." The trial court found that the tape was relevant because Ms. Swingel provided a description of the vehicle and the police stopped Tammy Johnson's Thunderbird in response to the call. Two men fled from the vehicle, and the appellant was apprehended within minutes. Further, the trial court found that the relevancy of the tape strongly outweighed any prejudicial effect of the tape.

On appeal, the appellant asserts that the probative value of the evidence was substantially outweighed by the prejudicial effect (1) because of the frantic tone of Ms. Swingel's voice and (2) because the tape had no probative value since there was no dispute that someone entered Ms. Swingel's home, she confronted them, and she dialed "911." The appellant further submits the "911" tape is not relevant because it does not state that he was involved. Rule 403 of the Arkansas Rules of Evidence allows a trial court to exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice. *Larimore* v. *State*, 317 Ark. 111, 877 S.W.2d 570 (1994). This weighing is a matter left to the trial court's sound discretion and will not be reversed absent a showing of manifest abuse. *Billett* v. *State*, 317 Ark. 346, 877 S.W.2d 913 (1994).

Granted, the State had clear proof that someone entered Ms. Swingel's home without resorting to the "911" call; however, the call served to explain why the police were in the area searching for a blue Thunderbird. Further, the appellant offers no authority for how Ms. Swingel's alleged "frantic voice" inflamed the jury. Indeed, A.R.E. Rule 803(2), excited utterance, specifically contemplates the admission of statements relating to a startling event or condition made while the person was under the stress of excitement caused by the event. In short, the appellant has simply failed to establish that the trial court abused its discretion.

Affirmed.