Arthur DABNEY, Jr. *v.* STATE of Arkansas

CR 96-598                                   930 S.W.2d 360

Supreme Court of Arkansas
Opinion delivered October 21, 1996
[Petition for rehearing denied November 18, 1996.]

*John H. Bradley*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

ANDREE LAYTON ROAF, Justice. The Appellant, Arthur Dabney, was convicted in a bench trial of the attempted rape of a patient at a nursing home in Osceola, Arkansas. He was sentenced as an habitual offender to forty years' imprisonment. Dabney asserts on appeal that there was insufficient evidence to support the judge's finding that the victim was incapable of consent because she was physically helpless. We affirm.

At the time of the incident, Dabney was working as a laundry attendant at the nursing home in Osceola. On July 14, 1995, a nurse's aide spotted Dabney's laundry cart outside the room of a fifty-three-year-old patient who was blind, mentally impaired, partially handicapped, and unable to speak. The aide peeked behind a closed curtain in the patient's room and saw Dabney standing by the patient's bed with his pants down around his knees and his penis exposed and in an aroused state. The victim's vest restraint and gown had been removed, and she had been pulled sideways on the hospital bed so that her opened legs hung over the lowered bedrail. Dabney was standing between the victim's legs and was about to penetrate her when he saw that he was being observed by the aide. The aide called to another employee, who entered the room and witnessed Dabney pulling his pants up while standing next to the nude victim. The aide called Dabney out of the room and told him that she was going to notify the supervisor. Dabney responded: "I'm sorry. I said I'm sorry. It's just a white woman anyway."

Dabney waived his right to be tried by a jury; the case was tried before Judge Fogleman of the Mississippi County Circuit Court. The judge found Dabney guilty of attempted rape. Because Dabney had previously been convicted of rape, possession of a controlled substance, and burglary, he was sentenced as an habitual offender to forty years in prison.

Dabney was convicted of violating Ark. Code Ann. § 5-14-103(a)(1) (1995), which provides that:

> A person commits a rape if he engages in sexual intercourse or deviate sexual activity with another person who is incapa-

ble of consent because he is physically helpless.

A person is "physically helpless" when he or she is "unconscious or is physically unable to communicate lack of consent." Ark. Code Ann. § 5-14-101(5) (1995). For his sole argument on appeal, Dabney asserts that there was insufficient evidence to support the judge's finding that the victim was "physically helpless" because the evidence indicated that she was not "physically unable to communicate lack of consent" as required by the statute.

When reviewing the sufficiency of the evidence, this court does not weigh the evidence presented at trial; this is a matter for the factfinder. *Passley v. State*, 323 Ark. 301, 915 S.W.2d 248 (1996). Instead, we will review the evidence in the light most favorable to the State, and we consider only the evidence which supports the guilty verdict. *Id.* The conviction will be affirmed if the evidence "is forceful enough to compel a conclusion one way or the other and pass beyond mere suspicion and conjecture." *Id.*

At trial, it was established that the victim was fifty-three years old, blind, and unable to speak. One witness described her as a "tiny" woman under five feet tall. The victim was confined to her bed or a wheelchair and was placed in a restraining vest twenty-four hours a day to prevent her from climbing out of bed and hurting herself. She was able to walk and relieve herself only when assisted by the staff, and she had to be fed and bathed daily.

As to her ability to communicate, the victim could only grunt, raise her hand, and shake her head from side to side. She was unable to write. In addition, witnesses testified that the victim's ability to perceive and comprehend her surroundings was very limited. A police detective who attempted to interview the victim after the incident testified that she was unable to understand or respond to most of her questions. The officer testified that: "I think the only time I felt she really understood what I said is when I said, 'Shirley do you want to go back to bed.'" In addition, a nurse testified that the victim's ability to communicate was less than that of a five or six-year-old child; indeed, the appellant admitted at trial that the victim was "helpless."

There was clearly sufficient evidence from which the trial judge could have concluded that a blind, helpless woman who is unable to see, speak or move about freely was physically unable to communicate the lack of consent to engage in a sexual act as

required by the statute. Granted, the victim was not completely physically incapacitated, but this is not what the statute requires; it only requires physical helplessness, not total incapacity. Ark. Code Ann. § 5-14-103(a)(1).

Furthermore, the comments to Section 5-14-101 indicate that "physically helpless" includes the situation where "the victim *is aware* of what is taking place but is unable to indicate lack of consent because of paralysis or *other physical disability.*" (Emphasis added.) Here, the facts suggest that the victim's physical condition made it impossible for her to be "aware" of Dabney's intentions before he actually commenced the rape. Consequently, it is likely that the victim was unaware of what was about to occur and of her need to indicate her lack of consent. Under these circumstances, there was sufficient evidence to support the judge's finding that the victim was unable to consent due to her "physical helplessness."

Dabney argues on appeal that the facts support a charge of attempted carnal abuse in the second degree, a misdemeanor, rather than attempted rape. Specifically, Dabney asserts that it was the victim's mental, not physical, disability which prevented her from consenting. However, there is more than sufficient evidence, that without regard to her mental infirmities, the victim was so *physically* impaired that she was unable to communicate consent.

Affirmed.