Dylan PORTER, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–9711–CR–778.

Court of Appeals of Indiana.

Oct. 20, 1998.

William F. Thoms, Jr., Indianapolis, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Randi E. Froug, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

FRIEDLANDER, Judge.

Dylan Porter appeals his conviction of Attempted Residential Entry,[1] a class D felony. Porter presents the following restated issue for review:

Did the trial court commit reversible error by admitting into evidence a tape of the 911 telephone call made by the victim while Porter was breaking into her house?

We affirm.

The facts most favorable to the judgment are that at approximately 5:30 a.m. on September 28, 1996, Dana Brancheau was awakened by what she thought was the sound of raccoons coming into the house. When the sound persisted, Brancheau called 911. While she was dialing, Brancheau heard a noise coming from the direction of the kitchen that sounded like someone "sawing on something". *Record* at 65. When the noise stopped, Brancheau went to the kitchen to investigate. When she entered the kitchen, she saw Porter halfway through the window, entering the house. She yelled at Porter to get out and he backed out of the window.

The 911 operator broadcast the report of a burglary in progress and Officer Vincent Burke of the Indianapolis Police Department responded. Officer Burke was only one block away from Brancheau's house when he received the report. Officer Burke continued toward Brancheau's house, saw Porter running away from the house, stopped Porter, and asked the 911 operator to get a description of the intruder from Brancheau. Porter matched the description provided by Brancheau. Officer Burke detained Porter while Brancheau was taken to the scene of the stop. Brancheau identified Porter as the man who had broken into her house. Porter was convicted as set out above following a jury trial.

Porter contends that the trial court committed reversible error by admitting into evidence the tape of Brancheau's 911 telephone call. He contends that the tape was inadmissible for two reasons. First, he argues that the tape constituted hearsay and did not fit within any exceptions to the hearsay rule. Second, he argues that the State did not lay an adequate foundation for admission of the tape.

■ We first address the argument concerning the adequacy of the foundation. An objection to the admissibility of evidence must state with specificity the grounds for the objection. *Brown v. State*, 275 Ind. 441,

1. Ind.Code Ann. § 35–43–2–1.5 (West 1998).

417 N.E.2d 333 (1981). Any other grounds not argued before the trial court with respect to that evidence are waived. *See, e.g., Dickerson v. State,* 488 N.E.2d 346 (Ind.1986).

After the State offered the tape into evidence, Porter's counsel objected as follows:

> Judge, I have a … Well, I would object to the tape coming in because Ms. Brancheau is present in the Court, she testified as to all the events that happened. The tape would be no more than cumulative, it would be prejudicial and it would be irrelevant because Ms. Brancheau is here to answer any questions put forth by the State or Defense.

*Record* at 129. As reflected in the above excerpt, Porter did not challenge at the trial court level the admissibility of the tape on the basis of an inadequate foundation. Therefore, the argument is waived. *Dickerson v. State,* 488 N.E.2d 346.

 We turn now to the question of whether a 911 audiotape is inadmissible hearsay.[2] The decision to admit evidence is committed to the sound discretion of the trial court. *Heavrin v. State,* 675 N.E.2d 1075 (Ind.1996). We review a trial court's evidentiary determinations for abuse of discretion and reversal is warranted only when the decision is clearly against the logic and effect of the facts and circumstances before the court. *Joyner v. State,* 678 N.E.2d 386 (Ind. 1997).

Rule 802 of the Indiana Rules of Evidence provides that hearsay evidence is not admissible unless it fits within one of the exceptions enumerated in Rule 803. We find no Indiana case that has addressed the admissibility of a 911 audio tape in the face of a hearsay challenge. Other jurisdictions that have addressed the question, however, all agree that such evidence is admissible as an exception to the hearsay rule,[3] although the rationales vary. Following is a brief review of those decisions.

In *Al–Mosawi v. State,* 929 P.2d 270 (Okla. Ct.App.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 145, 139 L.Ed.2d 92, the court determined, without elaboration, that a 911 call was admissible under the business records exception to the hearsay rule.

Some courts have determined that a 911 call is admissible under the res gestae exception. *See Dawson v. State,* 675 So.2d 897 ( Ala. Ct.App.1995), *aff'd,* 675 So.2d 905 (Ala. 1996); *Moore v. State,* 217 Ga.App. 207, 456 S.E.2d 708 (1995), *cert. denied.* "Res gestae" in this context refers to a spontaneous exclamation stemming from an exciting event, and evidence offered as part of the res gestae must include the following characteristics:

> (1) * * * must relate to the main event and must explain, elucidate, or in some manner characterize that event, * * *. (2) * * * be a natural declaration or statement growing out of the event, and not a mere narrative of a past, completed affair, * * *. (3) It must be a statement of fact, and not the expression of an opinion, * * *. (4) It must be a spontaneous or instinctive utterance or occurrence of thought, dominated or evoked by the

---

**2.** We note that Porter's objection to the tape did not include a hearsay challenge. It may be argued that, as was the case with the foundation issue discussed above, the question of whether the tape was inadmissible hearsay was waived because it was not raised by Porter. *Dickerson v. State,* 488 N.E.2d 346. We choose, however, to address the issue on the merits because, although Porter did not raise the hearsay issue, that issue was discussed and arguably provided the basis for the trial court's ruling.

After Porter interposed his objection on grounds that the 911 tape was irrelevant, cumulative, and prejudicial, the court asked for the State's response to Porter's objection. The State responded that the tape was admissible under the presence sense impression and excited utterances exceptions to the hearsay rule. Following the State's response, the court overruled the objection without further comment. Therefore, even though Porter did not object on hearsay grounds, the State raised the issue and it appears that the trial court admitted it on that basis.

**3.** In addition to those cases that address the admissibility of 911 audiotapes in the context of the hearsay rule, our research reveals several states that have deemed them admissible, without regard to whether they constituted an exception to the hearsay rule. *See, e.g., State v. Rizzo,* 1997 Me. 215, 704 A.2d 339 (1997); *State v. Jordan,* 128 N.C.App. 469, 495 S.E.2d 732 (1998), *rev. denied,* 348 N.C. 287, 501 S.E.2d 914. In those cases, admissibility turned upon the question of whether the probative value of the evidence outweighed its prejudicial impact. In each case, the court determined that it did.

transactions or occurrence itself, and not the product of premeditation, reflection, or design, * * *. (5) * * * must be made at such time and under such circumstances as will exclude the presumption that it is the result of deliberation, * * *. (6) It must appear that the * * * was made by one who either participated in the transaction or witnessed the act or fact concerning which the statement or declaration was made.

*Tenta v. Guraly*, 140 Ind.App. 160, 221 N.E.2d 577, 582–83 (1966) (quoting 31A C.J.S. *Evidence* § 403(1)).

In Indiana, res gestae was a component of the common-law rules of evidence. Our supreme court has criticized the concept as "imprecise" and as representing "an all too easy substitute for describing the legal relevance of a particular piece of evidence." *Swanson v. State*, 666 N.E.2d 397, 398 (Ind. 1996). In any event, the concept did not survive the adoption of the Indiana Rules of Evidence. *See Thompson v. State*, 690 N.E.2d 224 (Ind.1997). Although res gestae is no longer recognized as an exception to the hearsay rule in Indiana, it is similar in concept to the excited utterance exception, which is specifically authorized under the Indiana Rules of Evidence. Evid. R. 803(2) defines this exception as follows:

**Excited Utterance.** A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.

Other states have determined that a 911 phone call is admissible into evidence under their version of the excited utterance exception to the hearsay rule. Representative of those decisions is a case whose facts are similar to those before us here. In *Passley v. State*, 323 Ark. 301, 915 S.W.2d 248 (1996), the defendant was convicted of residential burglary and theft. The State sought to introduce a tape of the 911 call made by the victim from her home while the burglary was in progress. The appellate court affirmed the trial court's decision to admit the tape, noting that the Arkansas evidentiary rules "specifically [contemplate] the admission of statements relating to a startling event or

condition made while the person was under the stress of excitement caused by the event." *Id.,* 915 S.W.2d at 253. *See also Allison v. State*, 661 So.2d 889 (Fla.Dist.Ct. App.1995); *State v. King*, 604 So.2d 661 (La. Ct.App.1992); *People v. Williams*, 244 A.D.2d 587, 665 N.Y.S.2d 87 (N.Y.App.Div. 1997), *appeal denied*, 91 N.Y.2d 899, 669 N.Y.S.2d 13, 691 N.E.2d 1039 (1998).

In *Yamobi v. State*, 672 N.E.2d 1344 (Ind. 1996), our supreme court had occasion to explain the excited utterance exception under the then newly promulgated Indiana Rules of Evidence. The court explained:

For a hearsay statement to be admitted as an excited utterance, three elements must be shown: 1) a startling event occurs; 2) a statement is made by declarant while under the stress of excitement caused by the event; and 3) the statement relates to the event.... Application of these criteria is not mechanical. Rather, under Rule 803(2), like its predecessor common-law doctrine, the heart of the inquiry is whether the statement is inherently reliable because the declarant was incapable of thoughtful reflection.... The statement must be trustworthy under the facts of the particular case. The trial court should focus on whether the statement was made while the declarant was under the influence of the excitement engendered by the startling event.

*Yamobi v. State*, 672 N.E.2d at 1346. Although admissibility under this exception is determined on a case-by-case basis, it appears to us that 911 calls generally would fit within the definition of an excited utterance as set forth in Evid. R. 803(2). *See Johnson v. State*, 699 N.E.2d 746 (Ind.Ct.App. 1998). Such is certainly the case with respect to the 911 call placed by Brancheau.

Porter attempted to force his way into Brancheau's house while she was sleeping. When an intruder breaks into a person's house in the early morning hours, such unquestionably qualifies as a startling event for anyone home at the time. Brancheau called 911 while the attempted forcible entry was in progress and was under the stress of that event. Her comments during the call were directly related to the attempted entry in

progress. We conclude that the trial court did not err in admitting into evidence the audiotape of the 911 call, pursuant to the excited utterance exception to the hearsay rule.

Judgment affirmed.

GARRARD and DARDEN, JJ., concur.