Kenny HALFACRE *v.* STATE of Arkansas

CR 86-183                                              731 S.W.2d 182

Supreme Court of Arkansas
Opinion delivered June 1, 1987
[Rehearing denied June 29, 1987.]

*Phillip A. McGough*, appellant.

*Steve Clark*, Att'y Gen., by: *J. Blake Hendrix*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. The appellant was charged and convicted of the March 5, 1985 aggravated robbery of the Asher News and Video store in Little Rock. He does not question the sufficiency of the evidence, and there is no need to recite the facts of the aggravated robbery. We affirm the conviction.

On March 6, 1985, appellant robbed the Red Roof Inn and later told his wife and Jerry Sutherland what he had done. *See* companion case, *Halfacre* v. *State*, CR-86-184, handed down this date. His wife, in turn, told a Pine Bluff police officer, and that officer contacted the Little Rock Police Department. The lead in that case subsequently led to appellant's arrest in the instant case. He contends that his arrest was illegal because of the evidentiary spousal privilege and that the conviction should be reversed and dismissed. The argument is without merit. The spousal privilege, A.R.E. Rule 504, is a *testimonial* privilege, and was not violated. Further, even if the arrest were illegal, it would not void the conviction. *O'Riordan* v. *State*, 281 Ark. 424, 665 S.W.2d 255 (1984).

Appellant next argues that due to the combination of the delay in bringing this matter to trial, and the lack of investigation by the public defender who was originally appointed to represent him, his sixth amendment right to a speedy trial was denied. The argument has no merit.

Appellant admits that he was tried within the time limits set out in A.R.Cr.P. Rule 28, but still argues that he was denied a speedy trial because he lost the exculpatory testimony of witnesses due to the ineffectiveness of the public defender. In *Matthews* v. *State*, 268 Ark. 484, 598 S.W.2d 58 (1980), we explained:

> The rules set out in Article VIII of the Rules of Criminal Procedure were an effort to more precisely define what constitutes a "speedy trial" in the interest of persons accused of crime and the public and in clear recognition of *Barker* v. *Wingo*, supra. We perceive that there may be a denial of one's constitutional right to a speedy trial after a

period of delay shorter than those permitted under Rules 28 and 30, but a much stronger showing of prejudice would be necessary than that made here to overcome the presumption that a time within the prescribed limits of these rules meets constitutional requirements.

Appellant has not overcome the presumption that a trial occurring within the time limits set out in Rule 28 meets constitutional requirements because he has not shown any prejudice. He claims that due to the delay he lost the exculpatory testimony of witnesses. However, at the hearing on the claim of denial of a speedy trial, the appellant did not give any specific information concerning who the witnesses were, what efforts were made to locate them, or what their testimony would have been had they been located. Such vague claims do not establish prejudice.

The appellant received a life sentence in this case. Under the provisions of Rule 11(f) of the Rules of the Supreme Court, we have reviewed all objections decided adversely to appellant and find no errors prejudicial to appellant.

Affirmed.