Steele HOLT *v.* CITY OF MAUMELLE, et al.

90-352                                        817 S.W.2d 208

Supreme Court of Arkansas
Opinion delivered October 28, 1991

*John Wesley Hall, Jr., P.C.*, by: *William A. McLean*, for appellant.

*Hilburn, Calhoun, Harper, Pruniski & Calhoun, Ltd.*, by: *Greg Stephens*, for appellee.

H. MAURICE MITCHELL, Special Chief Justice. This case involves three animal control ordinances adopted by the City of Maumelle. The first ordinance was adopted on June 16, 1986. Section 19 of the first ordinance prohibited the keeping of a dog substantially conforming to standards set by two kennel clubs as to certain breeds, including American Pit Bull Terrier, and Section 24 empowered an enforcement officer to enter upon any premises for the purpose of seeing an animal prohibited by the ordinance.

Steele Holt was charged with the keeping of a dog prohibited by the first ordinance. He filed suit in the Pulaski County Circuit court in 1987 against the city and its animal control officer for a judgment declaring the first ordinance invalid. This suit was settled. On March 25, 1988, Holt executed a release for all claims which he may have against the city and its directors, agents and employees in consideration of the repeal of Section 19 and 24 of the first ordinance and the payment of the sum of $2,000 to his attorney. On April 4, 1988, the city adopted the second ordinance which amended Section 19 of the first ordinance by eliminating all reference to dogs and amended Section 24 of the first ordinance by eliminating the power of an enforcement officer to enter upon any premises without notice. The second ordinance provided that it would become effective thirty days after its adoption.

The city adopted the third ordinance on May 2, 1988, which became effective upon its passage and publication. The third ordinance amends the first and second ordinances. Section 7 of the third ordinance prohibits the keeping of certain breeds of dogs, including American Pit Bull Terrier, within the city. Holt, the owner of an American Pit Bull Terrier and a resident of Maumelle, filed suit in the Pulaski County Circuit Court against the city, members and former members of the city board of directors in their official capacity and individually. He sought a judgment declaring Section 7 of the third ordinance unconstitutional and awarding compensatory and punitive damages and attorneys' fees against the defendants under Section 83 and 88 of Title 42 of the U.S. Code. The defendants filed a motion for

summary judgment. The lower court entered an order granting this motion and dismissing the suit. Holt appeals from this order. The order is affirmed.

For reversal, the appellant contends that the granting of the motion for summary judgment was improper because material issues of fact existed. He urges that questions of fact remained as to (1) the vagueness of Section 7 of the third ordinance, (2) the impermissible classification of American Pit Bull Terrier or "Pit Bull" as a breed banned under that section, and (3) an alleged breach of contract.

First, we examine Section 7 of the third ordinance to see if it violates due process of law by being impermissibly vague. This section reads as follows:

*SECTION 7. BANNING OF SPECIFIC BREEDS*: "Banned Breeds or Dogs" are banned entirely and may not be owned or kept within the City of Maumelle, Arkansas. "Banned Breeds or Dogs" are defined as any one of the following:

A. American Pit Bull Terrier;

B. Staffordshire Bull Terrier;

C. American Staffordshire Terrier;

D. Any dog whose sire or dam is a dog of a breed which is defined as a banned breed or dog under Section 7; Subsections A, B, C, E, F, G, or H of this Ordinance;

E. Any dog whose owner registers, defines, admits, or otherwise identifies said dog as being of a banned breed;

F. Any dog conforming, or substantially conforming, to the breed of American Pit Bull Terrier, American Staffordshire Terrier, or Staffordshire Bull Terrier as defined by the United Kennel Club or American Kennel Club; or

G. Any dog which is of the breed commonly referred to "pit bull" and commonly recognizable and identifiable as such;

H. Any vicious dog which is found at large in violation of Section 5 of Ordinance 36.

Provisions similar to Section 7 have withstood a challenge as to vagueness in the following cases: *Hearn* v. *City of Overland Park*, 772 P.2d 758 (Kan. 1989); *State* v. *Peters*, 534 So. 2d 760 (Fla. Dist. Ct. App. 1988); and *Garcia* v. *Village of Tijeras*, 767 P.2d 355 (N.M. Ct. App. 1988).

■ In our view, appellant places overly strict interpretation upon the constitutional requirement for clarity in defining conduct prohibited by a criminal law. The Supreme Court of the United States, in its opinion in *United States* v. *Petrillo* wrote:

> That there may be marginal cases in which it is difficult to determine the side of the line on which a particular fact situation falls is not sufficient reason to hold the language too ambiguous to define a criminal offense. . . . The Constitution has erected procedural safeguards to protect against conviction for crime except for violation of laws which have clearly defined conduct thereafter to be punished; but the Constitution does not require impossible standards.

*United States* v. *Petrillo*, 332 U.S. 1, 7 (1946). We believe that a person of ordinary intelligence is placed on sufficient notice by Section 7 to reasonably determine the prohibited conduct.

Next, we refer to appellant's contention that Section 7 unconstitutionally includes American Pit Bull Terrier and "Pit Bull" within the classification of banned breeds. A similar argument was raised and rejected in the first three cases cited above. The opinion in *Hearn*, at 768, quotes from the case of *McQueen* v. *Kittitas County*, 115 Wash. 672, 198 P. 394 (1921), as follows:

> '[S]ince dogs are a subject of the police power, we see no reason why the legislature may not make distinctions *between breeds*, sizes, and the localities in which they are kept. The object of the statute is protection. The purpose is to prevent injuries to persons and property by dogs. Any distinction, founded upon reason at least, is therefore valid. . . .'

115 Wash. at 678, 198 P. at 394 (emphasis added).

■ The appellant insists that disagreement exists as to

whether the American Pit Bull Terrier and "Pit Bull" can be justifiably singled out and banned. Even though some experts may argue that these breeds should not be banned by municipalities, we hold that the city had a reasonable basis for including them in the class defined in Section 7.

■ Finally, the appellant contends that the adoption of the third ordinance breaches the contract which he had with the city in the settlement of the prior litigation relating to the first ordinance. The release which the appellant executed stated that it was in consideration of the repeal of the section of the first ordinance prohibiting the keeping of three named breeds, including American Pit Bull Terrier. The release also contains the following wording:

> I acknowledge that the City of Maumelle makes no representation, concerning any other Ordinance or any action, repeal, reenactment, amendment or procedure which it may or may not adopt in the future with respect to this or any other Ordinance *except as specifically provided for hereinabove.* [Emphasis added.]

The appellant interprets the emphasized language to mean that the city would never reenact any ordinance prohibiting the keeping of an American Pit Bull Terrier or a "Pit Bull." We do not agree. We believe that if we were to adopt the appellant's interpretation, the contract would violate public policy. The board of directors of a city does not have authority to contract away its legislative powers. The possession of these powers carries with it the duty to act in the public's interest. This duty is breached when a legislative body limits its power to render public service. Contracts involving such a breach are contrary to public policy and void.

In ruling that a contract for a lobbying fee contingent upon the passage of legislation was void, this court said:

> It follows from what has been said above that all agreements whose object or tendency is in any way to interfere with, or unduly influence, legislative action, either by congress, by a state legislature, or by a municipal council or other like body, are contrary to public policy and void.

*Page* v. *McKinley*, 196 Ark. 331, 338-39, 118 S.W.2d 235, 239 (1938) (quoting 113 *C.J.*, p. 430, § 368).

We disagree with the contentions on which the appellant relies for reversal; therefore, the order of the lower court in granting summary judgment and dismissal is affirmed.

Affirmed.

SPECIAL JUSTICE CHRISTOPHER HELLER joins in this opinion.

HOLT, C.J., and CORBIN, J. not participating.