Craig DRUMMOND *v.* STATE of Arkansas

CR 94-1433                                        897 S.W.2d 553

Supreme Court of Arkansas
Opinion delivered May 1, 1995
[Rehearing denied May 30, 1995.]

386

*Doug Norwood*, for appellant.

*Winston Bryant*, Att'y Gen., by: *David R. Raupp*, Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. Appellant Craig Alan Drummond appeals from a judgment of conviction for the offense of underage driving while under the influence of alcoholic beverages. The legislation making underage DUI an offense was Act 863 of 1993 and is now codified at Ark. Code Ann. § 5-65-303 (Repl. 1993). Drummond raises three points on appeal, none of which has merit. We affirm the judgment of conviction.

On December 27, 1993, at about 4:30 a.m., a patrolman for the City of Rogers, Scott Charles, watched Drummond cross the center line twice, while driving south on Dixieland Road. He then "paced" Drummond's car at 45 miles per hour in a 30 mile per hour zone. At that point, Patrolman Charles stopped Drummond. When the police officer approached Drummond's car, he smelled a "pretty strong" odor of alcoholic beverages emanating from the vehicle. He requested Drummond to take several field sobriety tests, and Drummond agreed. The walk-and-turn test involved nine heel-to-toe steps, a pivot, and nine more comparable steps. Drummond lost his balance, missed several steps,

and generally failed this test. He was then asked to stand on one leg, and he passed this test. He was also given a portable breath test.[1] Based on his observations and the results of the tests, Patrolman Charles arrested Drummond for DUI.

Drummond was transported to the local hospital where blood was drawn approximately an hour and ten minutes after arrest. That sample was later analyzed by the State Health Department, and the blood/alcohol content was shown to be .07 percent. He was charged in Rogers Municipal Court with speeding and with underage DUI. He was age 19 at the time. He pled guilty and was sentenced to a $500 fine with $400 suspended, community service work for two days, a 90-day suspension of his driver's license, attendance at an alcohol safety course, and court costs of $69.25.

He next appealed to Benton County Circuit Court for a *de novo* trial. Prefatory to the bench trial, defense counsel asserted that one section of the underage DUI statute, § 5-65-306, which mandates public service work for a DUI conviction "of the type and for the duration as deemed appropriate by the court," was unconstitutional. The Deputy City Attorney conceded that this punishment was "probably unconstitutional," but argued that it was severable from Act 863. The trial court took the matter under advisement and heard testimony. It then found Drummond guilty of underage DUI but not guilty of speeding. The court further declared the public service section to be unconstitutional, though no evidence or argument was presented on this issue, but found the balance of Act 863 to be constitutional. The court suspended Drummond's driver's license for 90 days, fined him $150, and assessed court costs of $190.25.

We first consider Drummond's argument that there was insufficient evidence to support his judgment of conviction for underage DUI. Our oft-stated test in determining the sufficiency of the evidence to sustain a judgment is whether the evidence is substantial, that is, forceful enough to compel a conclusion one way or the other and pass beyond mere suspicion and conjecture. *Tigue* v. *State*, 319 Ark. 147, 889 S.W.2d 760 (1994); *Moore* v. *State*, 315 Ark. 131, 864 S.W.2d 863 (1993).

---

[1]The record does not reflect the results of the portable breath test.

Our standard of review is to look at the evidence in the light most favorable to the appellee and to consider only that evidence which tends to support the judgment. *Tigue* v. *State, supra.*

We turn then to the pertinent section of the underage DUI law:

> (a) It is unlawful and punishable as provided in this subchapter for any underage person to operate or be in actual physical control of a motor vehicle while under the influence of an alcoholic beverage or similar intoxicant.

> (b) It is unlawful and punishable as provided in this subchapter for any underage person to operate or be in actual physical control of a motor vehicle if at that time there was one-fiftieth of one percent (0.02%) but less than one-tenth of one percent (0.10%) by weight of alcohol in the person's blood as determined by a chemical test of the person's blood or breath or other bodily substance.

Ark. Code Ann. § 5-65-303 (Repl. 1993).

■ The evidence in this case of driving under the influence easily qualifies as substantial. Drummond was driving erratically. Officer Charles detected an odor of alcoholic beverages in Drummond's car. Drummond failed at least one field sobriety test and tested at .07 percent blood/alcohol a little more than an hour after his arrest, which is more than three times the level of the .02 percent statutory presumption. There was no opportunity for him to consume alcoholic beverages between time of arrest and time of testing. The total circumstances are enough to support a judgment of conviction for driving a car "while under the influence of an alcoholic beverage." *See* Ark. Code Ann. § 6-65-303(a) (Repl. 1994).

■ Drummond contends, however, that there was no expert proof that his blood/alcohol level at time of testing (.07 percent) related back or was in any wise probative of his level at the time of his arrest. We disagree. The test was certainly probative of some alcohol in his blood at time of arrest though perhaps not of the exact percentage, and because of the high level, it raises a reasonable inference that the .02 percent content was exceeded. In addition, this court has recognized that blood/alcohol content generally dissipates over the passage of time. *State*

v. *Johnson*, 317 Ark. 226, 876 S.W.2d 577 (1994); *David* v. *State*, 286 Ark. 205, 691 S.W.2d 133 (1985); *Elam* v. *State*, 286 Ark. 174, 690 S.W.2d 352 (1985); *Munn* v. *State*, 257 Ark. 1057, 521 S.W.2d 535 (1975).

We are aware that blood/alcohol levels may vary following consumption depending on absorption and metabolism rates. *For discussion generally see McLean* v. *Moran*, 963 F.2d 1306 (9th Cir. 1992). But in the case before us, unlike the *Moran* case, the trial court did not state that he was considering only the blood/alcohol test and was deeming that to be conclusive of guilt. What the trial court did do was acknowledge the fact that the .07 percent blood/alcohol content was "substantially above the amount that's prescribed by the statute." That is an entirely reasonable circumstance to consider, as already mentioned. The Ninth Circuit Court of Appeals' decisions are not binding on this court, but, regardless, the facts of *McLean* v *Moran, supra*, are distinguishable.

For his next point, Drummond urges that the public service section of Act 863 is unconstitutional and that this defect vitiates the Act in its entirety. The State counters that the public service penalty is severable from the balance of the Act, which is what the trial court in essence ruled.

We expressly do not consider the constitutionality of the public service penalty — § 5-65-306 — in this appeal. The State Attorney General pointedly refused to concede that the section is unconstitutional in its brief on appeal. Furthermore, we will not strike down a legislative act on constitutional grounds without first having the benefit of a fully developed adversary case. Full development is lacking in this case, and we take no position on the constitutional question.

Turning to the severability point, we find no error in the trial court's conclusion that the public service section was severable and the remainder of the Act was constitutional. Drummond cites us to *U.S. Term Limits* v. *Hill*, 316 Ark. 251, 872 S.W.2d 349 (1994), in support of his position that the public service section is mutually connected and interwoven throughout Act 863. Yet, he gives us no reason or argument why § 5-65-306 jeopardizes the entire act. His mere conclusion that this is so is not sufficient or persuasive. As we said in *Dixon* v. *State*, 260 Ark. 857, 545 S.W.2d 606 (1977), we decline the invitation to make

Drummond's case for him. Moreover, we have no doubt that this section is readily severable. Not only does Act 863 contain a severability clause, it also embraces other penalties, such as fines and drivers education, which are separate and apart from the public service component. This point presents no basis for reversal.

For his last point, Drummond contests the increase in the assessed court costs in circuit court from $69.25 to $190.25, but, again, he presents no argument or authority for why the court's award is suspect. Drummond questions the amount of the costs and the fact that Benton County and not the City of Rogers will be the beneficiary. We are left in the dark, though, as to why this is inappropriate. We will not attempt to divine the basis for Drummond's assertion. *See Dixon* v. *State, supra.*

Affirmed.