Clifton GARRIGUS *v.* STATE of Arkansas

CR 95-204                                   901 S.W.2d 12

Supreme Court of Arkansas
Opinion delivered July 3, 1995

*Doug Norwood*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Deputy Att'y Gen. and Senior Appellate Advocate, for appellee.

JACK HOLT, JR., Chief Justice. Appellant Clifton Duane Garrigus appeals from his conviction for underage driving while under the influence of alcohol in violation of Act 863, Acts of Arkansas (1993), which offense is codified at Ark. Code Ann. § 5-65-301 through -311 (Repl. 1993). For his sole point of error, Garrigus contends the trial court erred in denying his motion to declare Act 863 unconstitutional. We find no merit to the argument and affirm.

Garrigus asserts that Act 863, cited as the "Underage DUI Law" is unconstitutional for three reasons. First, he appears to claim that because the trial court found section 5-65-306 to be facially unconstitutional, the entire act is rendered unconstitutional. Section 5-65-306 mandates that persons convicted of underage DUI be ordered to perform public service work "of the type and for the duration as deemed appropriate by the court." The trial court agreed with Garrigus, and it was conceded by the state, that the statute is violative of due process rights in that it grants the trial judge authority to mandate the performance of public service indefinitely.

We need not consider the constitutionality of section 5-65-306, as Garrigus' argument to the trial court was successful. A party who prevails on a certain issue at trial cannot later raise the issue on appeal. See *Kelley* v. *Medlin*, 309 Ark. 146, 827 S.W.2d 47 (1994). In addition, the Benton County Circuit Court found that section 5-65-306 was unconstitutional without the benefit of an adversarial argument from the state. This Court has previously held that it will not consider the constitutionality of section 5-65-306 in the absence of a fully developed adversarial case at trial level. *Drummond* v. *State*, 320 Ark. 385, 897 S.W.2d 553 (1995). This was not done in this case.

In his second point for reversal, Garrigus asserts that section 5-65-311(a) violates a defendant's former jeopardy right not to suffer multiple punishment for the same offense. That statute provides that the penalties for underage DUI "shall be in addition to all other penalties prescribed by law for the offense under other laws of the State of Arkansas." The trial court found Garrigus guilty only of underage DUI, however, and imposed sentence under those provisions. There was no finding of guilt or punishment imposed under another state law; therefore Gar-

rigus lacks standing to raise the issue. See *David* v. *State*, 286 Ark. 205, 691 S.W.2d 133 (1985); *Chronister* v. *State*, 265 Ark. 437, 580 S.W.2d 676 (1979).

For a similar reason, we must also refuse to consider Garrigus's third contention that section 5-65-310 violates equal protection principles. Section 5-65-310 prescribes various penalties for the refusal of an underage person arrested for DUI to submit to a chemical test based on whether the arrestee is a resident or nonresident of the state and whether he has a valid driver's license. Testimony at trial established that Garrigus voluntarily submitted to a breathalyzer test and thus there was no finding that he violated section 5-65-310. In order to challenge the constitutionality of a statute, a person must demonstrate that the challenged statute had a prejudicial impact on him. *Greer* v. *State*, 310 Ark. 522, 837 S.W.2d 884 (1992). Garrigus again lacks standing to warrant consideration of the issue raised on appeal.

The judgment of the trial court is affirmed.