Lester Tyrone BROOKS *v.* STATE of Arkansas

CR 96-771                                    941 S.W.2d 409

Supreme Court of Arkansas
Opinion delivered April 7, 1997

*John Wesley Hall, Jr.*, for appellant.

*Winston Bryant*, Att'y Gen., by: *David R. Raupp*, Sr. Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant Lester Tyrone Brooks appeals the judgment of the Pulaski County Circuit Court convicting him of second-degree murder and possession of drug paraphernalia and sentencing him as a habitual offender to respective terms of imprisonment for thirty years and five years. Our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(a)(2) (as amended by *per curiam* July 15, 1996). Appellant's sole point for reversal is that the trial court erred in excluding as victim-impact evidence the victim's arrests that were abated by his death. We find no error and affirm.

Appellant was charged with the capital murder of Herman Pitts and with possessing a crack pipe. He pleaded guilty to the drug paraphernalia charge and was tried by a jury on the capital murder charge. At trial, Appellant raised the defense of justification and presented testimony from numerous witnesses that Pitts had a reputation for being violent and for always carrying a gun. These witnesses stated that, among many other vile acts, Pitts held a gun to various person's heads on different occasions, raped a woman at gunpoint while children were in the next room, and forced his live-in girlfriend, who is Appellant's cousin, to "turn tricks." One witness testified that she waited until she was sure Pitts was dead before she called 911; she also stated that the community's reaction to Pitts's death was "joy." After hearing such evidence, the jury found Appellant guilty of second-degree murder.

During the sentencing phase of the trial, for purposes of enhanced sentencing, the State introduced evidence of Appellant's

five prior convictions for theft and drug-related offenses. Appellant was then allowed to introduce evidence of Pitts's prior felony convictions as well as the testimony of then-eleven-year-old Quincy Morrison, who is Appellant's cousin and the brother of Pitts's live-in girlfriend. Morrison stated that his life had improved since Pitts's death because he did not "have to worry about what [he was] going to go through when [he got] home."

In addition to the foregoing evidence presented during the sentencing phase, Appellant sought the introduction of seven of Pitts's arrests that were abated by Pitts's death. Appellant argued that, under the Equal Protection Clause of the Fourteenth Amendment, a defendant should be allowed to put on evidence that shows the victim was not the same kind of person as a first-time offender or someone with no prior convictions at all. On appeal, he contends the trial court erred in excluding the arrests abated by death because they were relevant to sentencing and because victim-impact evidence should be a "two-way street." The trial court ruled below that it would grant Appellant some leeway and allow him to introduce Pitts's prior convictions and Morrison's testimony, but that Appellant could not present evidence of the arrests abated by Pitts's death. We cannot say the trial court abused its discretion in so ruling.

We make this conclusion without addressing the novel question of whether the Fourteenth Amendment requires that defendants, as well as states, be allowed to introduce victim-impact evidence because the State did not introduce any victim-impact evidence in this case, and Appellant cannot, therefore, demonstrate prejudice. Victim-impact evidence is admissible during the sentencing phase of bifurcated trials pursuant to Ark. Code Ann. § 16-97-103(4) (Supp. 1995). Before a person can challenge the constitutionality of a statute, he must show that the challenged statute had a prejudicial impact upon him. *Garrigus v. State*, 321 Ark. 222, 901 S.W.2d 12 (1995). In the present case, the State did not introduce victim-impact evidence, and Appellant was allowed to introduce Morrison's testimony and Pitts's prior felony convictions. Appellant cannot, therefore, demonstrate a prejudicial impact from the application of section 16-97-103(4). Accordingly, we cannot say the trial court abused its discretion in exclud-

ing from the sentencing phase Pitts's arrests that were abated by his death.

The judgment of conviction is affirmed.