Carol ROSS *v.* STATE of Arkansas

CR 01-177                                   64 S.W.3d 272

Supreme Court of Arkansas
Opinion delivered January 10, 2002

*Jeff Rosenzweig,* for appellant.

*Mark Pryor,* Att'y Gen., by: *Lauren Elizabeth Heil,* Ass't Att'y Gen., for appellee.

W.H. "DUB" ARNOLD, Chief Justice. This is an appeal from a misdemeanor conviction for violation of the requirement to have a horse testing positive on the "Coggins" test

for infectious anemia to be destroyed, quarantined, or "permitted to a research facility." Appellant was fined $250. We affirm.

Buck, a horse belonging to appellant Carol Ross, tested positive for equine infectious anemia on the Coggins test for that illness. Arkansas Code Annotated § 2-40-813 (Supp. 1999) requires that a horse testing positive either be destroyed, or quarantined a quarter-mile from a public road or other horses if tested positive before 1997 (a grandfather clause applicable to Buck), or "permitted to a research facility." Appellant was tried in Perry County Municipal Court and convicted. She appealed *de novo* to Perry County Circuit Court and was convicted and sentenced to a $250 fine plus court costs. It is from that conviction that appellant brings the instant appeal.

The issue on appeal is whether Ark. Code Ann. § 2-40-813 is unconstitutionally vague and therefore void, in violation of the due process guarantees of the United States and Arkansas Constitutions, because of the failure to define "research facility" and the failure of the State to provide a mechanism for "permitting" a horse thereto. Appellant asserts that the statute at issue is void for vagueness, both facially and as applied, because it does not give sufficient guidance to persons on how to comply with its terms. The State asserts that the appellant lacks standing to challenge the constitutionality of the statute. We agree that appellant lacks standing.

In numerous cases, we have held that a litigant has standing to challenge the constitutionality of a statute if the law is unconstitutional as applied to that particular litigant. *Morrison v. Jennings*, 328 Ark. 278, 943 S.W.2d 559 (1997); *Hamilton v. Hamilton*, 317 Ark. 572, 879 S.W.2d 416 (1994); *Medlock v. Fort Smith Serv. Fin. Corp.*, 304 Ark. 652, 803 S.W.2d 930 (1991). The general rule is that one must have suffered injury or belong to a class that is prejudiced in order to have standing to challenge the validity of a law. *Morrison, supra; Medlock, supra*. Stated differently, plaintiffs must show that the questioned act has a prejudicial impact on them. *Tauber v. State*, 324 Ark. 47, 919 S.W.2d 196 (1996) (holding that Tauber failed to prove that he was prejudiced during sentencing because he received only the required minimum sentence for a DWI, first offense); *Garrigus v. State*, 321 Ark. 222, 901 S.W.2d 12 (1995). Under these *general* standing requirements, appellant may arguably have standing. However, the test for determining whether a party has standing to challenge for *vagueness* is more specific.

▮▮ When challenging the constitutionality of a statute on grounds of vagueness, the individual challenging the statute must be one of the "entrapped innocent," who has not received fair warning; if, by his action, that individual clearly falls within the conduct proscribed by the statute, he cannot be heard to complain. *Vickers v. State*, 313 Ark. 64, 852 S.W.2d 787 (1993); *Burrow v. State*, 282 Ark. 479, 669 S.W.2d 441 (1984). In the present case, the appellant's actions fall squarely within the actions described by the statute in that after her horse tested positive on the Coggins test; it appears she failed to quarantine him. Moreover, the appellant never attempted to "permit" her horse to a "research facility," which is that part of the statute she contends is vague. As such, appellant has no standing to raise this constitutional argument, and we must, therefore, affirm the case.

Affirmed.

IMBER, J., not participating.