Melvin Eugene REINERT *v*. STATE of Arkansas

CR 01-940                                    71 S.W.3d 52

Supreme Court of Arkansas
Opinion delivered March 21, 2002

*Charles L. Stutte*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Lauren Elizabeth Heil*, Ass't Att'y Gen., for appellee.

Tom Glaze, Justice. Appellant Melvin Reinert was charged with three counts of first-degree violation of a minor after C.J., Reinert's girlfriend's sixteen-year-old daughter, informed her school guidance counselor that Reinert had engaged in sexual intercourse with her three times. Prior to trial, Reinert moved to dismiss the charges against him, alleging that the statute under which he was charged, Ark. Code Ann. § 5-14-120 (Repl. 1997), was void for vagueness. The trial court denied his motion, and the case proceeded to trial. The jury found Reinert guilty on all three counts. On appeal, Reinert again raises his constitutional arguments, and also argues that, if § 5-14-120 is constitutional, the proof was insufficient to convict him.

In his first argument, Reinert contends that § 5-14-120(a) is unconstitutionally void for vagueness. That statute reads as follows:

> (a) A person commits the offense of violation of a minor in the first degree if he engages in sexual intercourse or deviate sexual activity with another person not his spouse who is more than thirteen (13) years of age and less than eighteen (18) years of age, and the actor is the minor's guardian, an employee in the minor's

school or school district, a temporary caretaker, or a person in a position of trust or authority of the minor.

Particularly, Reinert claims that this statute is vague because 1) it does not define who is a "temporary caretaker" or a "person in a position of trust or authority"; 2) the statute refers to legal relationships that may be subject to a broad range of interpretation; 3) the section lacks any ascertainable standard of guilt and fails to provide a person of average intelligence reasonable notice of the proscribed conduct; and 4) the terms are subject to such a broad range of interpretation as to invite discriminatory interpretation.

Statutes are presumed constitutional, and the burden of proving otherwise is on the challenger of the statute. *Bunch v. State*, 344 Ark. 730, 43 S.W.3d 132 (2001); *Ford v. Keith*, 338 Ark. 487, 996 S.W.2d 20 (1999). If it is possible to construe a statute as constitutional, we must do so. *Jones v. State*, 333 Ark. 208, 969 S.W.2d 618 (1998). Because statutes are presumed to be framed in accordance with the Constitution, they should not be held invalid for repugnance thereto unless such conflict is clear and unmistakable. *Kellar v. Fayetteville Police Department*, 339 Ark. 274, 5 S.W.3d 402 (1999) (citing *Board of Trustees of Mun. Judges & Clerks Fund v. Beard*, 273 Ark. 423, 426, 620 S.W.2d 295, 296 (1981)).

A law is unconstitutionally vague under due process standards if it does not give a person of ordinary intelligence fair notice of what is prohibited. *Night Clubs, Inc. v. Fort Smith Planning Comm'n*, 336 Ark. 130, 984 S.W.2d 418 (1999); *Craft v. City of Fort Smith*, 335 Ark. 417, 984 S.W.2d 22 (1998). A statute will pass constitutional scrutiny if the language conveys sufficient warning when measured by common understanding and practice. *Dougan v. State*, 322 Ark. 384, 912 S.W.2d 400 (1995); *see also Booker v. State*, 335 Ark. 316, 984 S.W.2d 16 (1998) (the standard by which we determine when a statute is void for vagueness is whether it lacks ascertainable standards of guilt such that persons of average intelligence must necessarily guess at its meaning and differ as to its application).

As a general rule, the constitutionality of a statutory provision being attacked as void for vagueness is determined by

the statute's applicability to the facts at issue. *See United States v. Powell*, 423 U.S. 87 (1975). When challenging the constitutionality of a statute on grounds of vagueness, the individual challenging the statute must be one of the "entrapped innocent," who has not received fair warning; if, by his action, that individual clearly falls within the conduct proscribed by the statute, he cannot be heard to complain. *Ross v. State*, 347 Ark. 334, 64 S.W.3d 272 (2002); *Vickers v. State*, 313 Ark. 64, 852 S.W.2d 787 (1993)). That a statutory provision may be of questionable applicability in speculative situations is usually immaterial if the challenged provision applies to the conduct of the defendant in the case at issue. *United States v. Petrillo*, 332 U.S. 1 (1947); *Holt v. City of Maumelle*, 307 Ark. 115, 817 S.W.2d 208 (1991).

■ We conclude that Reinert's conduct clearly falls within that proscribed by the statute. Although Reinert asserts that § 5-14-120 is an unconstitutionally vague offense because its terms "temporary caretaker" and "person in a position of trust or authority" are undefined, he overlooks the term "guardian" in the statute; that term is defined in Ark. Code Ann. § 5-14-101 (Repl. 1997).[1] Specifically, § 5-14-101(10) provides as follows:

> "Guardian" means a parent, stepparent, legal guardian, legal custodian, foster parent, or *anyone who, by virtue of a living arrangement*, is placed in an apparent position of power or authority over a minor.

(Emphasis added.)

■ It is clear that Reinert's actions fall within this definition. It is undisputed that he had been living with his girlfriend and her children, including C.J., for over two years. Further, Reinert also admitted that, as between him and the girl's mother, he would be considered the disciplinarian and the authority figure in the household. In the statement he gave to police investigators, Reinert recounted several incidents supporting a conclusion that

---

[1] Because we conclude that § 5-14-120(a) clearly covers or includes Reinert as a guardian, we need not discuss whether he also comes within the term "temporary caretaker" or the broader phrase "person in a position of trust or authority of the minor."

he was a person in a position of power or authority. First, he related that he assumed the responsibility of covering "hot checks" that C.J. had written, so that the girl would not get into trouble. Second, he pointed out that he had previously stepped in to settle an argument between C.J. and her mother. The girl herself testified that Reinert asked her to do chores around the house, and she stated that she would do what Reinert told her to do. Clearly, Reinert was a "guardian" with respect to C.J.

■ In sum, a statute will meet constitutional muster if the language conveys sufficient warning when measured by common understanding and practice. *State v. Torres*, 309 Ark. 422, 831 S.W.2d 903 (1992). We conclude that §§ 5-14-120(a) and 5-14-101(10) conveyed sufficient warning and fair notice to Reinert that his sexual relationship with a sixteen-year-old, given their living arrangements and other circumstances, was prohibited by law. Thus, we hold that the trial court did not err in denying Reinert's motion to dismiss the charges on the grounds that the statute was void for vagueness.

■ For his second point on appeal, Reinert contends that there was insufficient evidence to convict him of the offenses charged. The test for determining sufficiency of the evidence is whether substantial evidence, direct or circumstantial, supports the verdict. *Ross v. State*, 346 Ark. 225, 57 S.W.3d 152 (2001); *Britt v. State*, 344 Ark. 13, 38 S.W.3d 363 (2001). Substantial evidence is evidence of sufficient certainty and precision to compel a conclusion one way or another and pass beyond mere suspicion or conjecture. *Id.* On appeal, we review the evidence in the light most favorable to the State and consider only the evidence that supports the verdict. *Id.*

■ From the evidence set out above, it is clear that there was sufficient evidence to support Reinert's convictions. It was undisputed that Reinert and C.J. engaged in sexual intercourse three times. Reinert acknowledged that he was the disciplinarian and the authority figure in the family, and C.J. herself testified that she would do what he asked her to do. Although Reinert argues on appeal that he introduced testimony from the girl's uncle to dispute the fact that he was the authority figure in the home, we

consider only that evidence that supports the verdict. From the foregoing, it is clear that there was substantial evidence to support Reinert's convictions.

Affirmed.