

# SUPREME COURT OF ARKANSAS

No. CV-11-120

| | |
|---|---|
| | **Opinion Delivered** September 26, 2013 |
| KENNY HALFACRE<br>APPELLANT | PRO SE APPEAL FROM THE<br>LINCOLN COUNTY CIRCUIT COURT,<br>40LCV-10-103, HON. JODI RAINES<br>DENNIS, JUDGE |
| V. | |
| RAY HOBBS, DIRECTOR, ARKANSAS<br>DEPARTMENT OF CORRECTION<br>APPELLEE | AFFIRMED. |

## PER CURIAM

In 1985, appellant Kenny Halfacre was found guilty in the Pulaski County Circuit Court of aggravated robbery and sentenced as a habitual offender to forty years' imprisonment. We affirmed. *Halfacre v. State*, 292 Ark. 329, 731 S.W.2d 182 (1987).

In 1986, appellant was found guilty in the Pulaski County Circuit Court of a separate robbery for which he was sentenced as a habitual offender to life imprisonment. That judgment was also affirmed by this court. *Halfacre v. State,* 292 Ark. 331, 731 S.W.2d 179 (1987).

In 2010, appellant filed a pro se petition for writ of habeas corpus in the Lincoln County Circuit Court, located in the county where he was in custody.[1] The circuit court denied the petition, and appellant brings this appeal. We find no error and affirm the order.

A writ of habeas corpus is proper only when a judgment of conviction is invalid on its face or when a circuit court lacked jurisdiction over the cause. *Girley v. Hobbs*, 2012 Ark. 447 (per curiam); *Abernathy v. Norris*, 2011 Ark. 335 (per curiam). The burden is on the petitioner

---

[1]As of the date of this decision, appellant remains incarcerated in Lincoln County.

in a habeas-corpus petition to establish that the trial court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Young v. Norris*, 365 Ark. 219, 226 S.W.3d 797 (2006) (per curiam). Under our statute, a petitioner who does not allege his actual innocence must plead either the facial invalidity or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he is illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2006); *Murry v. Hobbs*, 2013 Ark. 64 (per curiam). A habeas proceeding does not afford a prisoner an opportunity to retry his or her case. *Friend v. Norris*, 364 Ark. 315, 219 S.W.3d 123 (2005) (per curiam).

Appellant contended in his petition, and he argues on appeal, that the Pulaski County Circuit Court, which was the trial court in his cases, lacked subject-matter jurisdiction in the cases because the felony informations were filed in the trial court without a preliminary probable-cause hearing having first been held in municipal court. He invoked Arkansas Rule of Criminal Procedure 8.1 (Repl. 1977), asserting that the failure to afford him a preliminary probable-cause hearing rendered the judgments void. He did not contend in the petition that the judgment-and-commitment orders were facially invalid.

Appellant's claims concerning Rule 8.1 were not sufficient to demonstrate that the rule was violated, but, in any event, we have consistently held that a violation of Rule 8.1 has no effect on a trial court's jurisdiction. *See Cook v. State*, 274 Ark. 244, 623 S.W.2d 820 (1981) (citing *Bolden v. State*, 262 Ark. 718, 561 S.W.2d 281 (1978) (holding that violation of the rule does not require dismissal of the charges.)

SLIP OPINION

Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Reed v. Hobbs*, 2012 Ark. 61 (per curiam); *Anderson v. State*, 2011 Ark. 35 (per curiam); *Baker v. Norris*, 369 Ark. 405, 255 S.W.3d 466 (2007). The Pulaski County Circuit Court, which was the trial court in appellant's cases and rendered the judgments, had subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes. *Hill v. State*, 2013 Ark. 143 (per curiam). Moreover, that circuit court had exclusive jurisdiction to render a final judgment on a felony information. *See Long v. State*, 284 Ark. 21, 25, 680 S.W.2d 686, 688 (1984). Thus, the Lincoln County Circuit Court did not err in declining to issue a writ of habeas corpus releasing appellant from custody based on the assertions concerning the filing of the informations in the Pulaski County Circuit Court.

Because his claims did not challenge the facial validity of the judgment and failed to demonstrate a lack of the trial court's jurisdiction, appellant did not establish a basis for the writ to issue. *See Culbertson v. State*, 2012 Ark. 112 (per curiam); *Skinner v. Hobbs*, 2011 Ark. 383 (per curiam). Accordingly, the order is affirmed.

Affirmed.

*Kenny Halfacre*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Eileen W. Harrison*, Ass't Att'y Gen., for appellee.