ROBIN F. WYNNE, Associate Justice *835 Kenny Halfacre appeals from an order of the Jefferson County Circuit Court denying his motion to proceed in forma pauperis and ordering the Arkansas Department of Correction (ADC) to withhold the applicable filing fee from his inmate account. He contends on appeal that his Veterans' Administration disability benefits cannot be counted as income in determining his indigency status pursuant to federal law. While we see no error in including his benefits as part of the indigency determination, we hold that applicable federal law prohibits the circuit court from ordering that the filing fee be paid from Halfacre's trust account, as the proceeds of the account are derived entirely from his disability benefits. Accordingly, we affirm in part and reverse and remand in part.
Halfacre was found guilty of aggravated robbery and sentenced as a habitual offender to life imprisonment. His conviction was affirmed on appeal. Halfacre v. State , 292 Ark. 329, 731 S.W.2d 182 (1987). In July 2015, Halfacre submitted a pro se petition for a writ of habeas corpus and a petition to proceed in forma pauperis to the Lincoln County Circuit Court. The circuit court entered an order denying Halfacre's in forma pauperis petition. The July 2015 order denying Halfacre's pro se petition to proceed in forma pauperis demonstrates that the circuit court found that Halfacre was not financially indigent and assessed a filing fee pursuant to Arkansas Code Annotated section 16-68-601(a) (Repl. 2005), which authorizes a court to assess a partial filing fee for civil actions filed by inmates based on twenty percent of the inmate's income in the preceding six months. The order reflects that Halfacre's inmate trust account contained deposits totaling $1,639.52 within six months prior to filing his in forma pauperis petition, and an initial "partial fee" of $327.90 was assessed, which represented twenty percent of his total deposits in this prior six-month period. The circuit court ordered that an initial "partial filing fee" of $165.00 be paid, and further instructed the ADC to withhold money from Halfacre's account until the statutory filing fee of $165.00 was paid in full. See Ark. Code Ann. § 16-68-601(b) (authorizing the circuit court to order that funds be withdrawn by the ADC to ensure payment of court fees).
Following the entry of the order, Halfacre filed a motion for reconsideration. The motion was never ruled on by the circuit court, and was deemed denied thirty days after it was filed. Ark. R. App. P. Civ.-4(b)(1) (2016). The circuit court granted Halfacre's motion to pursue this appeal in forma pauperis.
Halfacre contends that his motion to pursue his petition for writ of habeas corpus in forma pauperis should have been granted because his disability benefits are "protected" pursuant to 38 U.S.C. § 5301, and those benefits are his sole source of income.[1] Section 5301 provides, in relevant part, as follows
Payments of benefits due or to become due under any law administered by the Secretary shall not be assignable except to the extent specifically authorized by law, and such payments made to, or on account of, a beneficiary shall be exempt from taxation, shall be exempt from the claim of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process *836 whatever, either before or after receipt by the beneficiary.
There is no assignment of the benefits here; nor is there any assertion that the benefits have been subject to taxation or the claim of a creditor. Thus, it is necessary for us to determine whether the circuit court's order constitutes an "attachment, levy, or seizure."
"Attachment" is defined as "the seizure of a person's property to secure a judgment or to be sold in satisfaction of a judgment." Black's Law Dictionary 152 (10th ed. 2014). "Levy" is defined as "to impose or assess by legal authority." Id. at 1047. "Seizure" is defined as "the act or an instance of taking possession of a person or property by legal right or process." Id. at 1564.
The mere act of including VA disability benefits as available money in determining a litigant's indigency status does not subject the funds to attachment, levy, or seizure. The common thread running through the definitions of those three terms is an involuntary relinquishment of the property at issue. Recognizing the funds as being available does not constitute an involuntary relinquishment of the funds. Thus, we hold that the circuit court did not err in including appellant's disability payments in the determination of his indigency status.
But determining Halfacre not to be indigent is not all the order on appeal did. In addition to the indigency determination, the order directed the director of the Department of Correction, or her designee, to collect funds from Halfacre's inmate trust account to pay the statutory filing fee, in accordance with Act 340 of 1997, which is codified at Arkansas Code Annotated section 16-68-601.
In this case, the application of section 16-68-601 violates 38 U.S.C. section 5301, as the order operates as a levy or seizure of Halfacre's disability benefits. The mechanism utilized in Arkansas Code Annotated section 16-68-601(b), whereby the ADC is required to withdraw an inmate's funds and remit them to the appropriate clerk, is key to our conclusion on this issue because, while the benefits may be properly included in the determination of indigency without running afoul of the federal statute, Halfacre may not be obligated by court order to use his disability funds to pay the filing fee. As it appears Halfacre may elect to utilize his benefits to pay the filing fee, he must be treated as any other nonincarcerated party regarding the source of the funds for the filing fee. Accordingly, we affirm the indigency determination by the circuit court and reverse and remand on the application of section 16-68-601(b).
The circuit court is hereby ordered to enter an order consistent with this opinion.
Affirmed in part, reversed and remanded in part.
Halfacre also contends in his brief that his disability funds are necessary for him to buy items the prison does not provide and food due to his diabetes. This argument was never presented to the circuit court, and this court will not consider arguments that were not raised below. See Johnson v. State , 356 Ark. 534, 157 S.W.3d 151 (2004).