RITA W. GRUBER, Chief Judge
At issue in this case is the constitutionality of several nuisance ordinances adopted by the City of Fort Smith. Appellant Noah Steffy appeals from a jury's verdict finding him guilty of violating the ordinances by failing to maintain his premises. He does not challenge the sufficiency of the evidence on appeal but argues that the circuit court erred in denying his motion to dismiss the case based on its determination that the ordinances are not unconstitutional. We affirm his conviction.
I. Facts
In March 2016, the neighborhood-services department of the City of Fort Smith received several complaints from appellant's neighbors about his property at 2405 High Street in Fort Smith. One of the neighbors testified at trial that the front of the house looked like a "junk yard"; there was trash everywhere; and the grass was up to your knees, at times "up to 18 inches." According to this neighbor, the junk included car parts, tires, wheels, wood, bicycles, old swing sets-"you name it, it was there." In response to the complaints, Brandon Haynes, the property-maintenance inspector at the time, visited *806 the property on March 22, 2016, to inspect the property and take photos. He testified that there were numerous violations of the city ordinances, including trash, debris, open storage of building materials, lumber, tires, dead limbs, and overgrowth in the yard; sections of fencing down; mattress bedsprings and a refrigerator in the yard; and indoor furniture, including a desk, on the front porch. He testified that the pile of dead limbs was a good place for rodents, mosquitos, and snakes.
Rick Ruth, the property-maintenance supervisor for the neighborhood-services department, testified that he inspected appellant's property on March 31, 2016, and observed trash and debris; dead limbs on the ground; car tires and a refrigerator in the backyard; and "just overgrown conditions." He testified that when it rains or snows, moisture collects in the tires. He said that it takes very little for mosquitos to breed in the collected water and that mosquitos carry the West Nile virus and the Zika virus and that mosquitos are responsible for causing heartworms in dogs and other animals. He stated that because tires hold water, they are a health issue and should be put up and stored away. Regarding dead limbs, trash, and debris in the yard, Mr. Ruth testified that they hold moisture and rot; draw termites and other insects; and create breeding and nesting grounds for snakes, rodents, and vermin.
Mr. Ruth testified that he had spoken with appellant and attempted to work with him to correct the problem, even bringing him a lawn mower when appellant indicated he did not own one. Mr. Ruth offered to meet appellant to walk around the property and advise him what needed to be done to comply with the ordinances. He testified that he visited the property again on May 3, 2016, and saw very little change from his visit on March 31, 2016. He testified that the property remained in violation of the nuisance ordinances when he visited on May 17, 2016, which prompted him to fill out an affidavit for criminal summons regarding the violations.
On August 17, 2016, appellant was found guilty in district court of failing to care for the premises. He appealed to the circuit court, where a jury found him guilty and fined him $510. Before his trial, he filed a motion to dismiss, asserting that the ordinances he was accused of violating are unconstitutional because they are vague, arbitrary, and do not further a compelling, important state interest. The circuit court found that the vague-and-arbitrary challenge had no merit. The court's order then stated that appellant had argued that the ordinance did not "further a compelling intent" and that the City of Fort Smith pointed out the interest in the health, safety, and welfare of its residents. The court found that "the City is correct," and it denied appellant's motion.
Appellant's sole point on appeal is that the ordinances are unconstitutional because they violate due process and are void for vagueness. We disagree and affirm appellant's conviction.
II. City Ordinances & Authority
Municipal corporations derive their legislative powers from the general laws of the State. Ark. Const. art 12 § 4 ; Phillips v. Town of Oak Grove , 333 Ark. 183, 189, 968 S.W.2d 600, 603 (1998). The State has authorized cities to legislate under the police power in Arkansas Code Annotated section 14-55-102 (Repl. 1998). That section gives cities the general power to enact ordinances that "shall seem necessary to provide for the safety, preserve the health, promote the prosperity, and improve the morals, order, comfort, and convenience of such corporations and the inhabitants thereof." Ark. Code Ann. § 14-55-102 (Repl. 1998). Under the State's grant of *807 power, cities and incorporated towns can "[p]revent injury or annoyance within the limits of the municipal corporation from anything dangerous, offensive, or unhealthy and cause any nuisance to be abated within the jurisdiction given the board of health in § 14-262-102[.]" Ark. Code Ann. § 14-54-103. In addition, and specifically relevant here, Arkansas Code Annotated section 14-54-901 provides as follows:
Incorporated towns and cities of the first and second class are empowered to order the owner of lots and other real property within their towns or cities to cut weeds; to remove garbage, rubbish, and other unsightly and unsanitary articles and things upon the property; and to eliminate, fill up, or remove stagnant pools of water or any other unsanitary thing, place, or condition which might become a breeding place for mosquitoes, flies, and germs harmful to the health of the community, after the town or city has provided therefor by an ordinance to that effect.
We have long recognized a city's plenary duty to exercise its police powers in the interest of the public health and safety of its inhabitants. Phillips , 333 Ark. at 189, 968 S.W.2d at 603 (citing Springfield v. City of Little Rock , 226 Ark. 462, 290 S.W.2d 620 (1956) ).
The underlying nuisance ordinances that appellant was charged with violating concern the care of premises and provide that it is unlawful for the owner or occupier of a residential building, structure, or property
to utilize the premises of such property for the open storage of any ... household appliances or household furniture (regardless of working condition), glass, building material, building rubbish or similar items. Additionally, it shall be the duty and responsibility of every such owner and occupant to keep the premises of such property clean and to remove from such premises all such items as listed above, including but not limited to weeds, dead trees, trash and garbage upon written notice from a building official.
Fort Smith, Ark., Ordinance ch. 16, art. 1, § 4 (1991). The pertinent ordinances also require lands to be maintained so that weeds and grasses on the property do not exceed six inches and require the owner to remove "all dead or dying trees and dead parts of living trees" when they constitute a hazard to personal safety or constitute a nuisance because of disease or decay. We turn now to whether the City of Fort Smith has acted in excess of the authority conferred.
III. Constitutionality of Ordinances
Appellant first contends that the City engaged in an arbitrary and capricious exercise of its authority in adopting the ordinances because they are not narrowly tailored to achieve a compelling state interest. He argues that we must use a "strict scrutiny" test in determining whether the ordinances are constitutional.
We reject appellant's argument that we must use a "strict scrutiny" standard in reviewing his constitutional challenge. Strict scrutiny analysis applies only when a fundamental right has been affected. Jegley v. Picado , 349 Ark. 600, 632, 80 S.W.3d 332, 350 (2002). Appellant does not contend that the use and enjoyment of one's property is such a fundamental right. Absent a fundamental right, judicial review of a legislative enactment is limited to determining whether the legislation is arbitrary, capricious, and unreasonable. City of Lowell v. M & N Mobile Home Park , 323 Ark. 332, 916 S.W.2d 95 (1996). This is a limited power; we cannot take away the discretion that is constitutionally vested in a city's legislative body. The legislation is *808 not arbitrary if there is any reasonable basis for its enactment. Id. at 339, 916 S.W.2d at 98. The party alleging that legislation is arbitrary has the burden of proving that there is no rational basis for the legislative act, and regardless of the evidence introduced by the moving party, the legislation is presumed to be valid and is to be upheld if the judicial branch finds a rational basis for it. Id. It is not for the judicial branch to decide from evidence introduced by the moving party whether the legislative branch acted wisely. Id. at 340, 916 S.W.2d at 99 ; see also Feland v. State , 355 Ark. 573, 142 S.W.3d 631 (2004). We review both the circuit court's interpretation of the constitution and issues of statutory interpretation de novo, because it is for this court to determine the meaning of a statute. Kimbrell v. State , 2017 Ark. App. 555, at 4, 533 S.W.3d 114, 117.
The ordinances in this case address the very issues set forth in Ark. Code Ann. § 14-54-901, and the testimony of the city employees demonstrated that the purpose behind the ordinances was to prevent conditions that might become a breeding place for mosquitoes, snakes, vermin, and other things harmful to the health of the community. The General Assembly specifically authorized ordinances regulating these particular items, and the testimony demonstrated a reasonable basis for the ordinances. Appellant argues simply that the city employees failed to prove that mosquitos and other insects were actually spreading disease in Fort Smith or that the tires and other debris were actually collecting water or attracting vermin. The law does not require such proof. We hold that the city presented a rational basis for the ordinances and that they are not arbitrary or capricious.
We turn next to appellant's argument that the ordinances at issue are void for vagueness and thus violate due process. An ordinance is presumed constitutional, and the burden of proving otherwise is upon the challenging party. Craft v. City of Fort Smith , 335 Ark. 417, 424, 984 S.W.2d 22, 26 (1998). If it is possible to construe a statute as constitutional, we must do so. Reinert v. State , 348 Ark. 1, 4, 71 S.W.3d 52, 54 (2002). A law is unconstitutionally vague if it does not give a person of ordinary intelligence fair notice of what is prohibited-that is, such a person must guess at its meaning-and it is so vague and standardless that it allows for arbitrary and discriminatory enforcement. Id. Stated another way, a statute must not be so vague and standardless that it leaves judges free to decide, without any legally fixed standards, what is prohibited and what is not on a case-by-case basis. Ark. Tobacco Control Bd. v. Sitton , 357 Ark. 357, 166 S.W.3d 550 (2004).
As a general rule, the constitutionality of a statutory provision that is being attacked as void for vagueness "is determined by the statute's applicability to the facts at issue." Reinert , 348 Ark. at 4, 71 S.W.3d at 54 (citing United States v. Powell , 423 U.S. 87, 96 S.Ct. 316, 46 L.Ed.2d 228 (1975) ). When challenging the constitutionality of a statute on grounds of vagueness, the individual challenging the statute must be one of the "entrapped innocent" who has not received fair warning; if, by his action, that individual clearly falls within the conduct proscribed by the statute, he cannot be heard to complain. Ross v. State , 347 Ark. 334, 64 S.W.3d 272 (2002) ; Vickers v. State , 313 Ark. 64, 852 S.W.2d 787 (1993). "That a statutory provision may be of questionable applicability in speculative situations is usually immaterial if the challenged provision applies to the conduct of the defendant in the case at issue." Reinert , 348 Ark. at 5, 71 S.W.3d at 54 (citing *809 United States v. Petrillo , 332 U.S. 1, 67 S.Ct. 1538, 91 L.Ed. 1877 (1947) ; Holt v. City of Maumelle , 307 Ark. 115, 817 S.W.2d 208 (1991) ).
The ordinances at issue in this case state that a property owner may not store household appliances and furniture, building material, building rubbish, or similar items on his or her property and also specifically require him or her to remove all weeds, dead trees, trash, and garbage upon written notice from a building official. They also require property to be maintained so that weeds and grasses on the property do not exceed six inches. Indeed, the ordinances are more specific than the presumably constitutional statutes pursuant to which they were enacted, which authorize cities to "[p]revent injury or annoyance within the limits of the municipal corporation from anything dangerous, offensive, or unhealthy" and "to remove garbage, rubbish, and other unsightly and unsanitary articles and things upon the property." Our task is to look at the facts of this case, and if it is possible to construe these ordinances as constitutional, we must do so.
It is clear in this case that appellant's conduct falls within the ordinances' ambit. There was testimony that there was trash everywhere; the grass was knee high; there was open storage of building materials, lumber, tires, dead limbs, and overgrowth in the yard; sections of fencing were down; there were mattress bedsprings and a refrigerator in the yard; and there was indoor furniture, including a desk, on the front porch. The photos accurately depicted the testimony. The city notified appellant about the violations, offered him assistance in complying, and gave him several months to remedy the situation before filing a criminal summons. We hold that these ordinances provided appellant fair notice of what was prohibited and that they are not unconstitutionally vague.
Affirmed.
Harrison, Klappenbach, and Whiteaker, JJ., agree.
Hixson and Brown, JJ., dissent.