Cite as 2020 Ark. 60

# SUPREME COURT OF ARKANSAS
No. CV-19-422

| | |
|---|---|
| KENNY HALFACRE<br><br>APPELLANT<br><br>V.<br><br>WENDY KELLEY, DIRECTOR,<br>ARKANSAS DEPARTMENT OF<br>CORRECTION<br><br>APPELLEE | **Opinion Delivered** February 13, 2020<br><br>PRO SE APPEAL FROM THE<br>LINCOLN COUNTY CIRCUIT<br>COURT AND MOTION TO FILE<br>BELATED REPLY BRIEF<br>[NO. 40CV-19-23]<br><br>HONORABLE JODI RAINES DENNIS,<br>JUDGE<br><br><br>AFFIRMED; MOTION DENIED. |

**JOSEPHINE LINKER HART, Associate Justice**

Appellant Kenny Halfacre appeals from the denial and dismissal of his pro se petition for writ of habeas corpus filed in the Lincoln County Circuit Court. In his petition, Halfacre argued that two of his aggravated-robbery convictions were invalid because the criminal statutes under which he was convicted were unconstitutional. On appeal, Halfacre also argues that the Arkansas habeas corpus statute is unconstitutional, but we do not address that issue because it was not raised or ruled on below. *Stephenson v. Kelley*, 2018 Ark. 143, 544 S.W.3d 44. Limiting our review to Halfacre's arguments about the constitutionality of the aggravated-robbery statutes, we conclude that the circuit court did not err in rejecting these arguments and accordingly affirm.

## I. *Background*

In 1986, Halfacre was found guilty in the Pulaski County Circuit Court of aggravated robbery, case no. 60CR–85-1577, and sentenced as a habitual offender to forty years' imprisonment. We affirmed. *Halfacre v. State*, 292 Ark. 331, 731 S.W.2d 179 (1987). In a later proceeding under Arkansas Rule of Criminal Procedure 37.1 (1986), the sentence was reduced to twenty years' imprisonment. *Halfacre v. State*, case no. CR–86-184 (Ark. Nov. 9, 1987) (unpublished per curiam). Halfacre was also found guilty in 1986 in case no. 60CR–85-1579 of a separate aggravated robbery and sentenced as a habitual offender to life imprisonment. We affirmed. *Halfacre v. State*, 292 Ark. 329, 731 S.W.2d 182 (1987). In 2019, Halfacre filed his petition for writ of habeas corpus, which encompassed both judgments, in the county where he is incarcerated. The circuit court denied the petition, and Halfacre now appeals to this court.

## II. *Habeas Corpus*

Article 2, section 11 of the Arkansas Constitution provides that "[t]he privilege of the writ of habeas corpus shall not be suspended; except by the General Assembly, in case of rebellion, insurrection or invasion, when the public safety may require it." Ark. Code Ann. § 16-112-103(a)(1) provides that the writ shall be granted forthwith "to any person who shall apply for the writ by petition showing, by affidavit or other evidence, probable cause to believe he or she is detained without lawful authority, is imprisoned when by law he or she is entitled to bail, or who has alleged actual innocence of the offense or offenses for which the person was convicted."

## III. *Standard of Review*

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

## IV. *Analysis*

Halfacre argued that the writ should issue on the ground that the trial court did not have subject-matter jurisdiction to enter a valid judgment with respect to either of his aggravated-robbery cases. He based the claim on the contention that Arkansas Statutes Annotated section 41–2102 (Cum. Supp. 1983), the statute under which he was charged with the offenses in 1986, was not a "complete statute" because it failed to proscribe any prohibited criminal conduct that would create a criminal offense and thus was "void for vagueness." Halfacre further contended that section 41–2102 was void because its imposition required application of Arkansas Statutes Annotated section 41–2103 (Repl. 1977), the statute that defined "robbery," to be read with section 41–2102 to ascertain what constituted the prohibited conduct of which he was convicted. He asserted that he was charged in the felony information in the cases with violating only section 41–2102, and therefore, the charge was so vague that "men of common intelligence must guess at its meaning, and differ as to its application." Halfacre also argued that his convictions for aggravated robbery violated article 5, section 23 of the Arkansas Constitution because the two statutes had to be read together to determine the elements of the offense of aggravated robbery. *See* Ark.

Const. art. 5, § 23 ("No law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived, amended, extended or conferred, shall be reenacted and published at length.").

In Arkansas, sentencing is entirely a matter of statute, and this court has consistently held that sentencing shall not be other than in accordance with the statute in effect at the time of the commission of the crime. *Philyaw v. Kelley*, 2015 Ark. 465, 477 S.W.3d 503. When the law does not authorize the particular sentence pronounced by a trial court, that sentence is unauthorized and illegal. *Johnson v. Kelley*, 2019 Ark. 230, 577 S.W.3d 710.

Here, Halfacre was convicted in 1986 of aggravated robberies committed in 1985, a violation of section 41-2102. The statute provided that "a person commits aggravated robbery if he commits robbery as defined in [section 41-2103] while "armed with a deadly weapon or represents by word or by conduct that he was so armed; or inflicts or attempts to inflict death or serious physical injury upon another person." Ark. Stat. Ann. § 41-2102(1)(a), (b). The statute declared that aggravated robbery is a class Y felony. The robbery statute, section 41-2103, set out the elements of robbery.

The fact that the aggravated-robbery statute referred to the robbery statute is not a violation of the Arkansas Constitution. In *Austin v. Manning*, this court held that article 5, section 23, does not prohibit the "legislative-drafting technique of cross-reference to other statutes governing related matters not actually 'revived, amended, extended, or conferred' by the particular amendment." 217 Ark. 538, 541, 231 S.W.2d 101, 102–03 (1950). This permissible technique is to be distinguished from "the practice of amending or revising laws by additions to, or other alterations, which without the presence of the original act are

4

usually unintelligible[,]" which is what provisions such as article 5, section 23 are actually designed to guard against. *State v. McKinley*, 120 Ark. 165, 169, 179 S.W. 181, 182 (1915) (quoting *Savage v. Wallace*, 165 Ala. 572, 51 So. 605 (1910)). As this court observed in *McKinley*,

> The purpose of the clause of the Constitution was to protect the members of the Legislature and the public against fraud and deception.
>
> . . . .
>
> The mischief designed to be remedied was the enactment of amendatory statutes in terms so blind that legislators themselves were sometimes deceived in regard to their effect, and the public, from the difficulty in making the necessary examination and comparison, failed to become apprised of the changes made in the laws.

*McKinley*, 120 Ark. at 167, 169, 179 S.W. at 182 (quoting *People v. Mahaney*, 13 Mich. 481 (1865)).

In short, article 5, section 23 has no application in this instance. Both sections 41-2102 and 41-2103 were statutory codifications of provisions that were enacted at the same time pursuant to Arkansas Act 280 of 1975. Act 280 was an overhaul of most of the then-existing criminal law in Arkansas, and its text included all the elements of both robbery and aggravated robbery. *See* 280 Ark. Acts 1975, §§ 2102, 2103. The concerns behind article 5, section 23 (such as legislators being tricked on the floor of the General Assembly, or the public being unable to comprehend an incompletely revealed change in the law) simply are not implicated here.

With respect to Halfacre's claim that the reference to robbery in the aggravated-robbery statute rendered the statute "vague," the fact that one statute referenced the other did not prevent a person of ordinary intelligence from having fair warning of what was

prohibited. *See Night Clubs, Inc. v. Fort Smith Planning Comm'n*, 336 Ark. 130, 133, 984 S.W.2d 418, 420 (1999) ("A law is unconstitutionally vague under due process standards if it does not give a person of ordinary intelligence fair notice of what is prohibited."); *see also Reinert v. State*, 348 Ark. 1, 5, 71 S.W.3d 52, 54 (2002) (The determination of whether a statute is void for vagueness also depends on whether the challenger to the statute can be found to be an "entrapped innocent" who has not been given fair warning that his conduct is proscribed by statute.). Accordingly, the circuit court's denial of Halfacre's habeas corpus petition was proper.

Affirmed; motion denied.

BAKER, J., concurs without opinion.

*Kenny Halfacre*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.